## 71767. COLEY v. THE STATE.
### (344 SE2d 490)

SOGNIER, Judge.

Appellant was convicted of obstruction of an officer in the performance of his official duty by refusing to cooperate with the officer. Appellant contends the evidence is not sufficient to support the verdict and the trial court erred by denying his motion for a directed verdict of acquittal.

Charles Baldwin of the Columbia County Sheriff's Office was dispatched to investigate a domestic disturbance between appellant and his wife. On Baldwin's arrival, appellant and his wife were outside the home of appellant's sister-in-law and appellant was walking toward his pickup truck; the passenger door was open and appellant's wife shouted: "He's got a gun." Baldwin ordered appellant to move away from the truck and he did not do so; Baldwin repeated his order and appellant started walking toward the house. Baldwin ordered appellant twice to stop; when he did not stop Baldwin ran up behind appellant, grabbed him, searched him, and then arrested appellant. Appellant was unarmed, but a .38 calibre pistol with a clip containing five rounds was found under some clothing on the seat of appellant's truck. Appellant was committing no offense when Baldwin arrived at the scene, and made no verbal or physical threats against Baldwin. Appellant's sister-in-law testified, as a State witness, that she saw nothing that was in any way obstructing an officer, and appellant did not do anything; he was just going to leave.

Appellant testified that when Baldwin arrived he ordered appellant to freeze and put his hands on the truck; within a split second Baldwin repeated the order so appellant closed the truck door, walked over to the house steps and sat down.

OCGA § 16-10-24 provides that a person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of obstructing a law enforcement officer. We find nothing in the evidence here to show that appellant obstructed or hindered Baldwin in any way in the performance of his duty. Appellant did not verbally or physically threaten Baldwin; in fact, appellant did not speak to, or argue with, Baldwin. At most, he did not respond immediately to Baldwin's orders.

"*Moses v. State*, 6 Ga. App. 251 (64 SE 699) (1909) explains that the words 'obstruct, resist, or oppose' imply forcible resistance. 'Obstruct' is given as a synonym for 'hinder' in Webster's Unabridged Dictionary. And prior to *Moses* it was held . . . that refusing to obey a command to open a door did not 'obstruct' the officer." *McCook v. State*, 145 Ga. App. 3, 5 (2) (243 SE2d 289) (1978). In *McCook* we held that evidence that the defendant's arguing with and swearing at a police officer who was attempting to arrest McCook's brother-in-

law, and McCook's refusal to get back in his truck when ordered to do so, did not "obstruct" the officer and was insufficient to warrant conviction of that offense. Similarly, in *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99) (1985), where the defendant made neither verbal nor physical threats of violence against a police officer, although his conduct toward the officer was obnoxious and contemptuous, we found the evidence insufficient to sustain a conviction of obstructing an officer.

Since appellant here did nothing more than fail to respond immediately to Baldwin's orders, we find the evidence insufficient to support the verdict. *McCook, Moccia*, supra. Accordingly, it was error to deny appellant's motion for a directed verdict of acquittal.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 7, 1986.

*James G. Blanchard, Jr.*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assitant District Attorney*, for appellee.