## 74166. WILKERSON v. THE STATE.
(357 SE2d 814)

BIRDSONG, Chief Judge.

James Wilkerson, the defendant, was indicted for the murder of his wife, but was convicted of voluntary manslaughter. Wilkerson testified that his wife was suicidal and had attempted to divorce him. At her insistence, he had borrowed large sums of money to pay off her debts and for her to use in purchasing Christmas gifts. He said she wanted him to borrow more money as she had not purchased gifts for her parents or sister. He refused and an argument ensued. She is said to have stated "if she couldn't have a Christmas, that nobody was. She was going to put the kids in the car and take them off and have a wreck and kill all three of them." Wilkerson intervened and he said his wife obtained a butcher knife and attempted to cut him. He used a diaper box to absorb the knife thrusts. He said she got a .357 magnum revolver from the bedroom and he wrestled with her. She had the knife in her right hand and the gun in her left hand. He wrestled her to the floor. She was twisting and turning, and "the gun went off . . . I didn't have the gun in my hand." When the police and medical personnel arrived, they saw Mrs. Wilkerson lying by the bed, just inside the bedroom. "There was a knife laying by her right hand and a gun laying by her right hand." A box of diapers was present and it had holes in it which could have been caused by a knife. Swabbings taken of the right and left hands of the defendant and the deceased were negative as to gunshot residue. The defendant appeals his conviction of voluntary manslaughter. *Held*:

1. One of the police officers testified that when he talked to the

defendant that afternoon he was told three different versions by the defendant, i.e.: "She was trying to stab me with a knife. I took it away from her. She got the gun and shot herself in the head." "She had the knife in her right hand and the gun in her left hand. We were on the floor. I had her pinned down, but she turned the gun toward herself and fired." "She was depressed because we did not have any money to buy Christmas presents, so she sat on the bed and shot herself." On cross-examination, defendant's counsel introduced what the officer had testified to at the preliminary hearing as to what the defendant had told him: "I asked him, I said, 'Was your wife right or left-handed?' And he said, 'She had the knife in one hand and her gun in the left hand and she shot herself in the head when we were on the ground. . . .' " "[H]e told me again, he said he was on top of her, had her pinned to the floor and then she managed to twist her hand back towards herself and shot herself with the weapon." The officer conceded he had so testified. Admittedly, the officer's recollection at the preliminary hearing following the incident was much more favorable to the defendant than his version at the trial six months thereafter. The district attorney then offered in evidence the *entire* transcript of the preliminary hearing. Upon objection, the evidence was excluded, the district attorney reprimanded, and the jury instructed to disregard. Defendant's motion for mistrial was denied. The denial of the motion for mistrial is enumerated as error.

"The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315). We have found no harmful error. There was only a tender of evidence, promptly rejected, the district attorney was specifically reprimanded, and the jury instructed to totally disregard the offer. There was no abuse of discretion. *Truitt v. State*, 168 Ga. App. 616, 617 (309 SE2d 895).

2. The trial court properly rejected defendant's requested charge on the "two theories" defense. In essence, such a charge is usually worded as follows: That if the facts in evidence present two theories, one of guilt and the other consistent with innocence, then justice and humanity of the law compel the acceptance of the theory which is consistent with innocence.

"The requested charge was taken from *Davis v. State*, 13 Ga. App. 142 (1) (78 SE 866). . . . *Jackson v. State*, 13 Ga. App. 147 (1) (78 SE 867), issued the same date, distinguished the rule of *Davis*, supra, and cases which distinguished it continue to this day. [Cits.] . . . This decision was thoroughly discussed and discredited in *Nolen v. State*, 124 Ga. App. 593, 594 (184 SE2d 674) and relegated to a role in cases 'dependent solely upon circumstantial evidence.' [Cits.]"

*Booker v. State*, 156 Ga. App. 40, 42 (274 SE2d 84), rev'd on other grounds, 247 Ga. 74 (274 SE2d 334), aff'd 157 Ga. App. 872 (278 SE2d 745). The instant case is not dependent solely upon circumstantial evidence. Therefore, the charge was not adjusted to the evidence and was inappropriate.

3. The trial court did not err in refusing to give a requested charge on "self-defense." The defendant testified that the firing of the weapon was accidental. The court properly charged that a person could not be found guilty of any offense committed by misfortune or accident, if it satisfactorily appeared there was no criminal scheme or undertaking, intention, or criminal negligence. OCGA § 16-2-2. The defenses of self-defense and accident are inconsistent. *Fields v. State*, 167 Ga. App. 816, 818 (307 SE2d 712). The defendant claimed he did not have possession of the weapon when it fired. Hence, it cannot be said he used it in self-defense. This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 1, 1987 —
REHEARING DENIED MAY 22, 1987 —

*Glyndon C. Pruitt*, for appellant.

*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.