## A90A0790. COOK v. THE STATE.
(394 SE2d 121)

BIRDSONG, Judge.

Appellant, Keith Cook, appeals his sentence and judgment of conviction of armed robbery.

Ethel Mae LeCount and her friend Bossie Carter were given a ride by appellant and co-defendant, Roberts, to a grocery store where LeCount made certain purchases and cashed her Social Security insurance check receiving approximately $360 in change. Roberts was in the store and watched when the check was cashed. Appellant, who was the driver, was outside and did not witness this transaction. Roberts told LeCount that she owed him $50.

Thereafter, LeCount and Carter wanted to go to Midway and appellant was given $10 for gas to take them there. On the way, LeCount and Roberts argued about the alleged $50 debt. Appellant drove to Midway on a dirt road. LeCount wanted to get out of the car, but neither appellant nor Roberts would let her out. Both appellant and Roberts told LeCount, "You're not getting out of this car." Subsequently, appellant stopped the car. LeCount and Carter were ordered out of the car and when they exited, Roberts followed. Roberts had a screwdriver; he knocked Carter down and tried to stab LeCount in the back. Roberts took approximately $386 of LeCount's money. A screwdriver subsequently was found on the floorboard on the passenger side of appellant's car.

In an oral pretrial statement to the police, appellant claimed LeCount, Carter and Roberts exited the car after arguing with Roberts about the $50 debt; and, appellant admitted that he drove down the road, turned around and came back and picked up Roberts. Appellant also stated that he thereafter drove Roberts to a post office in Riceboro where Roberts' wife gave him some money, and that thereafter Roberts gave him $40 of which $20 was for a past debt and $20 was for a ride to IGA to which they thereafter did not go.

Appellant testified that after Roberts exited the car with LeCount and Carter, he left the scene to drive to the railroad tracks where he could turn around. Appellant denied seeing or knowing anything about the robbery, and denied seeing Roberts with a screw-

driver. He claimed that he was driving on the dirt road to Midway, rather than taking a main road, because his car had no license tag, and he had no insurance or driver's license. *Held*:

1. Appellant asserts that the trial court erred when it failed to charge regarding the law of two equal theories, one of guilt and the other of innocence, as requested pursuant to appellant's written request for instruction no. 3.

The record reflects that the jury was adequately charged as to the principles of law applicable in this case. The instructions given included: presumption of innocence; burden of proof on the State to prove guilt beyond a reasonable doubt; no burden of proof on defendant to prove his innocence — burden of proof never shifts to defendant; definition of reasonable doubt; duty to acquit if the State fails to prove guilt beyond a reasonable doubt; mere association by defendant with another person involved in a crime, without more, will not authorize the jury to find a person guilty; aiding and abetting; mere presence at scene of crime, without more, will not authorize finding of guilty; witness credibility; circumstantial evidence; and the elements of armed robbery. We are satisfied that these charges in their totality correctly informed the jury as to those circumstances under which the defendant in the case sub judice lawfully could be found guilty and the circumstances under which the jury would have to acquit the defendant. Accordingly, we find no error in refusing to give the requested charge. See generally *Putman v. State*, 251 Ga. 605 (7) (308 SE2d 145) (a requested instruction in the exact language requested is not grounds for reversal where the charge given *substantially* covers the same principles).

Further, the equal theories charge can be traced in origin to *Davis v. State*, 13 Ga. App. 142 (78 SE 866). " 'This decision was thoroughly discussed and discredited in *Nolen v. State*, 124 Ga. App. 593, 594 (184 SE2d 674), and relegated to a role in cases "dependent solely upon circumstantial evidence." ' " *Gabbidon v. State*, 184 Ga. App. 475 (3) (361 SE2d 861); accord *Williamson v. State*, 188 Ga. App. 307 (3) (372 SE2d 685); *Wilkerson v. State*, 183 Ga. App. 26 (2) (357 SE2d 814). As in *Wilkerson*, supra, the instant case is not dependent solely upon circumstantial evidence. Thus, the charge, as requested, was not adjusted to the evidence, was inappropriate, and was not applicable in the case sub judice. *Williamson*, supra; *Wilkerson*, supra.

2. On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer is shielded by a presumption of innocence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849); *Lance v. State*, 191 Ga. App. 701 (2) (382 SE2d 726). Moreover, appellate courts determine evidence sufficiency and do not weigh the evidence or determine witness credibility. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530).

Review of the transcript in the light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant's assertion that the trial court erred in denying his motion for a directed verdict of acquittal is equally without merit. The evidence in this case did not demand a verdict of acquittal as a matter of law within the meaning of OCGA § 17-9-1; *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 30, 1990.

*Merritt & Rose, C. Nathaniel Merritt*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.