A90A2048. GRANT v. THE STATE.
(399 SE2d 743)

BEASLEY, Judge.

Defendant appeals his convictions of burglary, OCGA § 16-7-1, and kidnapping, OCGA § 16-5-40.

1. The first enumeration of error is that the trial court erred in overruling defendant's objection to the State's indirectly using his prior unrelated convictions against him. Defendant was accused of breaking into a house and kidnapping his former girl friend. The victim and witnesses for the State who were relatives of the victim and resided in the same household testified that in the early morning hours, defendant entered without authorization and forced the victim at knife point to leave with him. Defendant and the victim moved through the town on foot during the night avoiding police cars. They eventually arrived at his cousin's house where they remained until the following morning when the police chief came to the door, saw the victim and inquired where defendant was. Defendant hid in the attic of the house and eventually was forced to surrender when tear gas

was used.

Testifying on his own behalf, defendant asserted the victim let him in the house and willingly accompanied him during the night. During cross-examination, defendant was repeatedly asked to explain why he hid from the police if he was not guilty of kidnapping the victim. At various times, defendant responded "for no good reason," that he did not know, and "I ain't got no answer for that." Subsequently, defense counsel objected to the "entire line of questioning" on the ground that defendant was on probation, that a complaint against defendant was sufficient to "get revoked," and defendant was in a position of having to reveal a prior conviction. The trial judge overruled the objection, but no further question as to his excuse for hiding from the police was asked.

There is no basis for reversal. First, defendant waived any error by not objecting to the testimony when offered. *Mable* v. *State*, 197 Ga. App. 751 (2) (399 SE2d 509) (1990). Second when he interposed an objection he did not move to strike the questions and responses, so he failed to utilize the method for removing offensive evidence already introduced. *Fluker v. State*, 184 Ga. 809 (4) (193 SE 749) (1937). Third, although his objection was overruled, no further questioning on the subject occurred, so there was no harm in the evidence that followed the objection. *Henderson v. State*, 227 Ga. 68, 81 (6) (179 SE2d 76) (1970) [vacated in part on other grounds 408 U. S. 938 (92 SC 2868, 33 LE2d 758)]; *Bailey v. State*, 157 Ga. App. 222 (1) (276 SE2d 843) (1981).

Fourth, as to the merits, defendant was being cross-examined, which may be "thorough and sifting." OCGA §§ 24-9-20 and 64. See *Leonard v. State*, 146 Ga. App. 439, 442 (3) (246 SE2d 450) (1978) (physical precedent). The State was attempting to undermine his assertions of innocence by highlighting his efforts to avoid capture, but it made no effort to raise the issue of his former conviction. No reference or intimition was being made with respect to any conviction as being the unexplained and unarticulated reason for avoiding the police. The State's focus was on the current events which, if not criminal, would not give reason for elusion.

The trial court did not abuse its discretion with regard to the scope of cross-examination. *Jackson v. State*, 157 Ga. App. 604, 605 (3 & 4) (278 SE2d 5) (1981).

2. The second enumeration is that the court failed to give the jury instruction on impeachment and specifically the charge that follows: "I charge you that where unworthiness of credit is absolutely established in the minds of the jury, the witness ought not to be believed, and it is the duty of the jury to disregard his testimony, unless it is corroborated, in which case you may believe the witness, it being, as a matter of course, always for the jury to determine whether a wit-

ness has or has not been in fact so impeached." This instruction was part of a charge considered in *Loomis v. State*, 78 Ga. App. 153, 172 (16) (51 SE2d 13) (1948).

In this case the victim testified as to where she had lived during the three months prior to October 26, 1988, the date of the charged offenses, including the fact that she had resided with her aunt the immediate month and a half before defendant broke into that home. In an effort to contradict this testimony, defendant introduced records of the food stamp administration that she only changed her address to that location two days before October 26.

"A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." *Teague v. State*, 208 Ga. 459 (1) (67 SE2d 467) (1951). "[A] line exists between cases of impeachment (which can be any diminution of the credibility of a witness) and cases of knowing and wilful false swearing (which, when material, is perjury). The statute, accordingly, directs itself in its two parts to this division, and as to OCGA § 24-9-85 (b) . . ., it must be understood that the testimony which *must* be disregarded in its entirety is only that testimony which is wilfully and knowingly false." *Fugitt v. State*, 251 Ga. 451, 452 (1) (307 SE2d 471) (1983).

Defendant sought to contradict the testimony of the victim. There was no showing that the victim's testimony was wilfully and knowingly false or that the testimony was " ' "such as to render the purpose to falsify manifest." ' " *Cargill v. State*, 255 Ga. 616, 641 (30) (340 SE2d 891) (1986). The proposed charge was not proper, and the court did adequately charge on the subject of credibility of witnesses.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 4, 1990.

*Hugh J. McCullough*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.