A91A0563. REALTY TRADING COMPANY et al. v. FIDUCIARY LEASCO, INC.
(407 SE2d 486)

ANDREWS, Judge.

Realty Trading Company through its managing partner Reese filed a notice of appeal on November 6, 1990, from the court's judgment in favor of Fiduciary Leasco, Inc., for over $15,000 and a writ of possession of leased equipment. The judgment was dated and filed of record on November 8.

On November 16, Fiduciary filed a motion for supersedeas bond pursuant to OCGA § 5-6-46 (a). According to the order entered November 30 granting the bond, Realty filed in open court during the hearing on the motion a pauper's affidavit, contending that Reese and the partnership were unable to pay costs or post any bond which the court might require. The Notice of Hearing stated that the hearing was noticed for November 26. No transcript has been provided here.

The order granting the bond held that the affidavit did not apply to the bond and directed the bond to be filed within ten days, or by December 10, 1990. No such bond was posted nor were the costs paid below before this case was docketed here on December 17, 1990.

1. (a) Although no brief for appellee has been filed, it is the duty of the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt. *Shirley v. State*, 188 Ga. App. 357 (1) (373 SE2d 257) (1988). Even though there was premature filing of the notice of appeal before entry of judgment, the notice was sufficient to advise the opposing party that an appeal was being taken from the judgment entered the next day and this will not result in dismissal of the appeal. *Gillen v. Bostick*, 234 Ga. 308 (215 SE2d 676) (1975); *Kenerly v. Yancey*, 144 Ga. App. 295, 296 (1) (241 SE2d 28) (1977).

(b) Because no supersedeas bond was posted below and the costs were not paid upon the filing of the notice of appeal, no supersedeas was in place below and the writ of possession was subject to execution at Fiduciary's peril, although failure to post the bond is not a basis for dismissal of the appeal. *Hyman v. Leathers*, 168 Ga. App. 112, 113 (1) (308 SE2d 388) (1983).

2. The first enumeration of error consists of argument that the trial court improperly issued the writ because of language in the lease agreement. The trial court concluded, as do we, from the face of the lease, that the arguments now made here were unavailing to Realty and Reese. There was no error in issuing the judgment and writ.

3. The second enumeration makes numerous factual assertions concerning the procedure used by the court in ruling on the motion for supersedeas and the cursory pauper's affidavit presented by Realty and Reese. These factual assertions are not supported by the record and therefore it is assumed that the judgment below is correct. *Coffee v. Silver*, 195 Ga. App. 247, 248 (1) (393 SE2d 58) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 1, 1991.

Thelma Reese, *pro se.*
*William C. McFee, Jr.,* for appellee.