A91A1810. STEPHENS v. THE STATE.
(412 SE2d 568)

BIRDSONG, Presiding Judge.

Jesse Dicky Stephens, Jr. was convicted of the offenses of DUI, driving with excessive blood alcohol concentration, and driving on the wrong side of the roadway. He appeals and asserts as his sole enumeration of error that the trial court erred by failing to give his requested charge on circumstantial evidence. Appellant asserts he "had requested that the [trial] court charge the jury on circumstantial evidence presenting two reasonable theories one consistent with innocence and the other consistent with guilt then justice compels acceptance of the theory that [is] consistent with innocence." *Held*:

1. Although the notice of appeal is deficient as it does not contain a concise statement of a judgment, ruling, or order from which appellant would be entitled to appeal (OCGA § 5-6-37), the judgment being

appealed is apparent from examining the notice of appeal, enumeration of error and trial record. OCGA § 5-6-48 (f).

2. Appellant correctly conceded in open court that his requested charge was applicable only if proof of the case rested entirely upon circumstantial evidence. This charge request is not contained in the trial record.

The evidence most favorable to the State establishes that an officer who had been employed for three years with the local sheriff's department and who has attended several traffic schools observed an Oldsmobile drive across the roadway centerline "on three different occasions." The car was definitely on the wrong side of the road. The officer followed for .4 or .5 mile without losing sight of the vehicle and then stopped it; within a matter of seconds, the officer turned on his spotlights and "that's when the *driver* exited the vehicle on the driver's side." (Emphasis supplied.) It was appellant who exited the vehicle on the "driver's side." There was no doubt in the officer's mind that appellant was "the driver of the vehicle." A passenger who was seated on the passenger side immediately opened his door. Appellant walked around to the passenger side, the passenger got out, and the passenger and appellant started talking to each other. The officer was probably 25 to 30 feet away at the time. Appellant's eyes were bloodshot, his speech extremely slurred, and the officer could smell a strong odor of alcohol on appellant. Appellant was placed under arrest for DUI. In the officer's opinion appellant was an unsafe driver due to "extreme impairment of alcohol." Appellant tested .19 grams on the Intoximeter 3000. As the officer drove appellant and the passenger to the substation, appellant claimed for the first time that he was not the driver; and, appellant and the passenger who owned the vehicle "were talking back and forth in the back" of the police car.

Appellant and the passenger who owned the vehicle both testified it was the passenger and not appellant who had been driving the vehicle at the time of the incident. An official property receipt reflects it was the passenger who checked the car keys in at the police station. Appellant made an admission in open court that he was intoxicated the night of the incident.

The so-called "two theories" charge is appropriate only when *all* the evidence is circumstantial. *Hamilton v. State*, 260 Ga. 3, 5 (4b) (389 SE2d 225); *Hawkins v. State*, 260 Ga. 138, 139 (6b) (390 SE2d 836); *Cook v. State*, 195 Ga. App. 461, 462 (1) (394 SE2d 121). The evidence in this case was both direct and circumstantial in nature. The charge was not required.

Secondly, it may be inferred from *Hamilton*, supra, that the giving of the following charge would substantially and adequately cover the principles contained in a "two theories" charge: "To warrant a conviction on circumstantial evidence alone, the proven facts must

not only be consistent with the theory of guilt but must exclude every reasonable theory other than the guilt of the accused. The comparative weight of circumstantial evidence and direct evidence on any given issue is a question of fact for the jury to decide." This charge was given in the case at bar. Cf. *Harrison v. State*, 257 Ga. 528 (4) (361 SE2d 149).

Additionally, even if the "two theories" charge was required and even if it was not adequately and substantially covered by the charges given, for the following reason we would still be compelled to support the trial court's determination not to give the requested charge. The notice of appeal does not specify that the entire record will be forwarded for appellate review, and the record does not contain a written request to charge by appellant. It would be essential in order to overturn the trial court's ruling that we actually review the contents of the written charge request tendered at trial, this being the only way we could verify that the charge as drafted was a correct statement of law, was neither misleading nor confusing, and was not argumentative in form. Compare *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679); see *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418).

Appellant's enumeration of error is without merit.

3. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury, consistent with the instructions given, rationally could have found that the competent and relevant evidence of record excluded every reasonable hypothesis except that of defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 4, 1991.

*Victor Hawk*, for appellant.
*Michael C. Eubanks*, District Attorney, *Richard E. Thomas*, *Hugh M. Hadden*, Assistant District Attorneys, for appellee.