*tant District Attorney,* for appellee.

A92A0949. WILEY v. THE STATE.
(420 SE2d 783)

McMurray, Presiding Judge.

Defendant was found guilty of unlawful possession of a sawed-off shotgun with a barrel less than 18 inches in length and this appeal followed the denial of his motion for new trial. *Held:*

1. Defendant contends he was unjustly convicted and unfairly and cruelly punished because the State stipulated during the sentencing phase of trial that evidence supporting the verdict was incorrect. More specifically, defendant contends the State stipulated during the sentencing phase of trial that the barrel of the shotgun found in his possession was not measured according to procedures prescribed by "Alcohol, Tobacco & Firearms rules." This argument is not supported by the record.

The State did not stipulate during the sentencing phase of trial that the shotgun found in defendant's possession was improperly measured. The State simply did not object to defendant's introduction into evidence of a document giving instructions for measuring the length of the barrel of a rifle or shotgun. This document did not contradict undisputed evidence presented at trial showing that the barrel of the shotgun found in defendant's possession was measured according to "policy and procedure through the alcohol, tobacco and firearms individuals to make the determination on the length of the gun." Further, there is nothing in the record indicating why defendant failed to introduce evidence regarding the alleged proper method for measuring a shotgun or rifle barrel. Under these circumstances, it cannot be said that the trial court erred in denying defendant's motion for new trial. See OCGA § 5-5-23; *Westbrook v. State,* 186 Ga. App. 493, 497 (4) (368 SE2d 131).

2. Defendant challenges the sufficiency of the evidence, arguing the State failed to prove the shotgun barrel found in his possession was less than 18 inches in length.

Special Agent Del Thomasson with the Georgia Bureau of Investigation testified that he seized from defendant's residence a .12 gauge sawed-off shotgun with a barrel less than 18 inches in length. Special Agent Thomasson explained on cross-examination that the shotgun barrel was measured according to "policy and procedure through the alcohol, tobacco and firearms individuals to make the determination on the length of the gun." This evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of unlawful possession of a sawed-off shotgun with a barrel less than

18 inches in length in violation of OCGA § 16-11-122. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See OCGA § 16-11-121 (5).

3. Defendant contends the trial court erred in failing to grant a directed verdict of acquittal. This contention presents nothing for appellate review as defendant did not assert a motion for directed verdict at trial. *Weaver v. State*, 200 Ga. App. 82 (1) (406 SE2d 574).

4. Defendant urges this Court "to consider this case as a proper case for the issuance of a *Writ of Coram Nobis* [because he] has no other adequate remedy at law."

A writ of coram nobis is simply an extraordinary motion for new trial based on newly discovered evidence. See *Willis v. State*, 249 Ga. 261, 263, 264 (290 SE2d 87). An extraordinary motion for new trial (a motion for new trial filed more than 30 days after the entry of judgment) based on newly discovered evidence "must be directed to the trial court in the first instance. See OCGA §§ 5-5-40, 5-5-41; *Dick v. State*, 248 Ga. 898 (287 SE2d 11) (1982). This has not been done, and accordingly we will not consider the issue at this time." *Williams v. State*, 254 Ga. 6, 9 (2) (326 SE2d 444).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 10, 1992 —

*Perry & Associates, Frank B. Perry*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Mark S. Perry, Assistant District Attorney*, for appellee.