A92A0590. REED v. THE STATE.
(422 SE2d 15)

COOPER, Judge.

Appellant was convicted by a jury of attempting to elude an officer in violation of OCGA § 40-6-395 and obstruction of an officer in violation of OCGA § 16-10-24 (a). He appeals from the judgment of conviction and sentence entered on the verdict.

The evidence adduced at trial reflects that while on patrol, Officer Donnie Payne received a lookout call for a red Corvette which was running cars off the road as it travelled south on Interstate 85. Officer Payne headed towards I-85 travelling on Highway 29 when a red Corvette passed him going in the opposite direction. The Corvette crossed the centerline of the highway. Officer Payne turned his car around and pursued the Corvette with his siren and blue lights on, signalling for appellant, the driver of the red Corvette, to pull over. The patrol car was directly behind the Corvette, but appellant did not pull over and continued to swerve back and forth across the centerline. Appellant turned off the highway onto a dirt road and continued driving until he came to a stop in front of a small camper. Appellant got out of the Corvette and walked towards Officer Payne cursing and asking why he was being stopped. Officer Payne noticed that appellant appeared to be staggering, slurred his speech and smelled of alcohol. While Officer Payne checked appellant's license and insurance, he received a call over his radio. The officer stepped to his patrol car to answer the call, and appellant began walking away from

Officer Payne. Officer Payne told appellant to stop and come back to the car, but appellant ignored him and kept walking away. Appellant went inside the camper, turned out the lights and remained inside. Officer Payne called for backup and subsequently obtained a warrant for appellant's arrest. When Officer Payne returned to the camper to execute the warrant, appellant was not in the camper. The following day, appellant called Officer Payne and was informed of the charges against him. Appellant subsequently appeared in court with an attorney, pled not guilty and requested a jury trial. Appellant failed to appear in court for his scheduled trial date, and the court issued a bench warrant for his arrest. Appellant's attorney contacted the court to request that the bench warrant be lifted and that he be allowed to file motions on appellant's behalf. Appellant's attorney filed discovery motions as well as a motion to suppress. The trial court heard the motions and set the case down for a jury trial. On the date of trial, appellant appeared in court with a different attorney, who filed a demurrer and motion to quash each of the accusations. The trial court noted that the motions should have been filed upon arraignment of appellant but proceeded to hear appellant's motions and subsquently denied them.

1. Appellant contends that the trial court erred in denying his motion to quash the accusations. Appellant first argues that the accusation charging him with obstruction of an officer was defective in that it did not sufficiently apprise appellant of the acts of which he was accused. The accusation charged appellant with "knowingly and wilfully [obstructing] officer Donnie Payne in the lawful discharge of his official duties as a law enforcement officer in violation of [OCGA §] 16-10-24." " ' "An indictment *substantially* in the language of the Code is sufficient in form and substance." (Cit.)' (Emphasis supplied.) [Cit.]" *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990). The accusation described the offense in terms of the statute and stated that the act was unlawfully committed and contrary to the laws of the State. We find no error with the trial court's denial of appellant's motion to quash the accusation.

The accusation charging appellant with attempting to elude stated that appellant "did wilfully fail and refuse to bring his vehicle to a stop or did otherwise flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop in violation of [OCGA §] 40-6-395." Appellant argues that the accusation was defective because the word "or" charged appellant with alternative acts and failed to allege specifically how appellant committed the acts. Prior to trial, the State amended the accusation in open court pursuant to OCGA § 17-7-71 (f) by substituting the word "and" for the word "or." We find that the accusation as amended was sufficient to apprise appellant of the charges

against him and the trial court did not err in denying appellant's motion to quash the accusations. Furthermore, appellant did not request a continuance and has failed to show how his ability to present a defense was impeded by the amendment. See *Melton v. State*, 174 Ga. App. 461 (2) (330 SE2d 398) (1985).

2. Appellant next contends that the trial court erred in denying his motion to dismiss the accusations and plea in bar on the grounds of double jeopardy. Appellant argues that the accusation charging him with attempting to elude was amended after jury selection; therefore, jeopardy had attached and the State was barred from prosecuting appellant under the amended accusation. The record reflects that the solicitor amended the accusation in open court prior to the selection of the jury and that appellant acknowledged that the amendment was being made. However, appellant argues that he was not actually served with the amended accusation until after the jury was selected. Inasmuch as the actual amendment to the accusation was made prior to the selection of the jury and in the presence of appellant, we find no merit to appellant's argument.

3. Appellant next contends that the trial court erred in proceeding with the trial after appellant filed a notice of appeal from the denial of his motion for plea in bar. After listening to appellant's argument on the plea in bar based on double jeopardy, the trial court referred to appellant's argument as "absurd" and made a handwritten note at the bottom of appellant's motion denying the same. Several minutes later and immediately prior to opening statements, appellant filed a notice of appeal from the trial court's order denying his plea in bar. Appellant objected to the continuation of the trial on the ground that the filing of a notice of appeal divested the trial court of jurisdiction. "[A]n order denying a plea of double jeopardy is appealable . . . where the plea [is] filed sufficiently in advance of trial so as not to constitute a delaying device." *Patterson v. State*, 248 Ga. 875, 877 (287 SE2d 7) (1982). While the trial court's order does not specifically state that the plea in bar was "frivolous and dilatory" (*Rielli v. Oliver*, 170 Ga. App. 699 (318 SE2d 173) (1984)), it is apparent from the trial court's comments and the fact that appellant chose to file his motion for plea in bar after the selection of the jury and before opening statements, that the trial court found appellant's plea in bar to be only a delaying tactic. Accordingly, the trial court did not err in proceeding with the trial. See *Patterson*, supra.

4. In his fifth and sixth enumerations of error, appellant contends that the trial court erred in denying his motion for directed verdict of acquittal as to the charge of obstruction of an officer and attempting to elude. A directed verdict of acquittal should be granted where "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a

verdict of acquittal. . . ." OCGA § 17-9-1. The posture of the evidence in the case was not such as to demand a verdict of acquittal. See *Freeman v. State*, 194 Ga. App. 905 (10) (392 SE2d 330) (1990).

Appellant's reliance on *Coley v. State*, 178 Ga. App. 668 (344 SE2d 490) (1986) to support his argument that the trial court should have granted a directed verdict as to the obstruction charge is misplaced. In *Coley*, an officer arrived at the scene of a domestic dispute. The defendant refused to obey the officer's command to move away from his truck. When the defendant began to walk away toward the house, the officer ordered him to stop and the defendant refused. The officer then grabbed the defendant and arrested him. We reversed the trial court's denial of directed verdict of acquittal. However, in *Coley*, we noted that the defendant was not committing an offense when the officer arrived at the scene, that the defendant did not argue with the officer and that "[a]t most, [appellant] did not respond immediately to [the officer's] orders." Id. In the case sub judice, the officer had observed appellant's car swerving across the centerline and had a report that appellant's car was running cars off the road. The officer was in the process of investigating appellant for driving under the influence and was in possession of appellant's license and insurance when appellant walked inside the house. Unlike the situation in *Coley*, appellant did not respond at all to the officer's orders and forced the officer to get a warrant in an effort to effectuate an arrest of appellant. "Whether the actions of a defendant actually had the effect of hindering or impeding the officer is a decision for the trier of fact. [Cit.]" *Patterson v. State*, 191 Ga. App. 359 (1) (381 SE2d 754) (1989). Accordingly, we find no error in the trial court's denial of appellant's motion for directed verdict on either the obstruction charge or the attempting to elude charge.

5. In his final enumeration of error, appellant contends that the trial court erred in refusing to charge the jury that the mere refusal to obey an order of a law enforcement officer does not constitute obstruction within the meaning of the statute and that if appellant did nothing more than fail to respond immediately to the officer's orders, the evidence would be insufficient to support a verdict of guilty. "[T]he charge, as requested, was not adjusted to the evidence, was inappropriate, and was not applicable in the case sub judice. [Cit.]" *Cook v. State*, 195 Ga. App. 461, 462 (1) (394 SE2d 121) (1990). Thus, the trial court did not err in refusing to give the charge requested by appellant.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III,* for appellant.
*John H. Cranford, Solicitor,* for appellee.