A92A0994. DANIEL v. THE STATE.

(423 SE2d 432)

JOHNSON, Judge.

Norman Daniel was indicted for the offenses of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Following a bifurcated jury trial, Daniel was convicted on all three counts. A motion for a new trial was denied. He appeals his conviction.

1. Daniel's trial counsel filed a motion to remand this case to the trial court on the issue of ineffective assistance of counsel. This extraordinary motion was filed as a result of a grievance filed by Daniel with the State Bar of Georgia on May 27, 1992, four months after a motion for new trial was denied and more than three months after the appeal was docketed. Ineffective assistance of counsel was not raised as an issue in the motion for new trial, nor is it an issue in the appeal.

In *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986), the Supreme Court began remanding claims of ineffective assistance of counsel to the trial court when that issue was raised for the first time on appeal. This procedure was favored in that a claim could be "promptly resolved by the judge who presided over the trial as opposed to having it resolved by a habeas court somewhere down the road." *Lloyd v. State*, 258 Ga. 645, n. 1 (373 SE2d 1) (1988). See also *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991).

In this case, however, the issue of ineffective assistance of counsel is not before this court as an issue on appeal. Jurisdiction has vested in this court on the issues raised in the appeal. The scope of the ap-

peal cannot be enlarged at this late date. The State Bar of Georgia will certainly fully investigate this matter. In the event that it finds that a basis for assertion of a claim of ineffective assistance of counsel is viable, post-conviction remedies, though cumbersome, are available for Daniel to pursue. The motion for remand is denied.

2. Daniel alleges that the trial court erred in refusing to charge the jury on the affirmative defense of justification. We disagree. Daniel testified in his own defense at trial. When defense counsel inquired how many shots were fired during a "tussle" with the victim, Daniel testified: "Just one shot when the gun, it fell on the ground. It just fired . . . Nobody pulled the trigger." It is clear from this testimony that Daniel was relying on the defense of accident rather than self-defense or justification. "The defenses of self-defense and accident are inconsistent. [Cit.]" *Wilkerson v. State*, 183 Ga. App. 26, 28 (3) (357 SE2d 814) (1987). Daniel denied having the gun in his possession or firing it. " 'A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, *and be authorized by the evidence.*' [Cit.]" (Emphasis supplied.) *Grant v. State*, 197 Ga. App. 878, 880 (2) (399 SE2d 743) (1990). There is no evidence in the record which supports a theory of self-defense or justification. The trial court correctly refused to give the requested charge.

3. Daniel asserts in his second, third, and fourth enumerations of error that the trial court erred in refusing to allow evidence of specific acts of violence by the victim against Daniel and against a third party. The alleged acts of violence occurred *after* the incident for which Daniel was tried. Daniel relies on *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991). In *Chandler*, the Georgia Supreme Court changed the prior rule prohibiting evidence of specific acts of violence by the victim. The new rule holds that "evidence of specific acts of violence by a victim against third persons shall be admissible where the defendant *claims justification.*" (Emphasis supplied.) Id. at 407. As discussed in Division 1 above, a defense of justification is not supported by the evidence in this case. Further, in *Chandler*, the violent act which the court erred in excluding occurred prior to the crime being tried. Any altercation between Daniel and the victim or between the victim and a third party following the date of the events which comprise the elements of this case would not be relevant.

*Judgment affirmed. Carley, P. J., and Pope, J., concur. Carley, P. J., also concurs specially.*

CARLEY, Presiding Judge, concurring specially.

I concur fully in Divisions 1 and 2 of the majority opinion. I also concur in the majority's conclusion in Division 3 that the new rule announced by the Supreme Court of Georgia in *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991) does not apply in this case because

the evidence raised no viable defense of justification by the defendant.

However, I do not agree with the further holding of the majority that "[a]ny altercation between [the defendant] and the victim or between the victim and a third party following the date of the events which comprise the elements of this case would not be relevant." I do not believe the *Chandler* rule applies only to acts occurring prior to the date of the alleged crime with which the defendant is charged. Although *Chandler* itself is silent on this issue, the Supreme Court in *Chandler* based its new rule on Justice Weltner's concurrence in *Lolley v. State*, 259 Ga. 605, 607-610 (385 SE2d 285) (1989). As is made clear in that concurrence, the knowledge of the victim of the defendant's propensity to do violence at the time of the incident at issue is not necessarily determinative. In one of the examples given by Justice Weltner in *Lolley*, a "ruffian approaches a stranger, and is killed by him. There are no eyewitnesses to the homicide. The defendant relates that the decedent advanced upon him in a drunken and enraged state, threatening him with mayhem. The decedent had no weapon. At trial, the defendant, *who had no knowledge of the decedent before the killing*, offers evidence of his violent nature, through specific acts of violence against third persons. Here the principal question is the credibility of the defendant. Did it happen the way he related it? And why would the decedent make an unprovoked advance upon the defendant?" (Emphasis supplied.) *Lolley v. State*, supra, 609 (3 [b] [ii]). (Concurrence of Justice Weltner.) Thus, if the procedural and substantive requirements of *Chandler* are otherwise met, I believe that evidence of violent acts by a victim are admissible, regardless of when they occurred.

DECIDED OCTOBER 6, 1992.

*W. Edward Nethery*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Elisabeth G. MacNamara, Jeffrey H. Brickman, Assistant District Attorneys*, for appellee.