## A93A0814. FRANZ v. THE STATE.
### (432 SE2d 554)

JOHNSON, Judge.

Carl Franz was convicted in 1990 of child molestation and incest. He did not file a timely notice of appeal from his conviction and sentence. In 1992, more than two years after his conviction, Franz filed a pro se motion for an out-of-time appeal and extraordinary motion for a new trial.[1] After a hearing on the motions, but before the trial court entered its order ruling on them, Franz filed a notice of appeal from his 1990 conviction and sentence. Three days later, the court entered its order denying Franz's motion for an out-of-time appeal and extraordinary motion for a new trial.

1. The State has filed a motion to dismiss Franz's appeal from the 1990 judgment as untimely. Although Franz's notice of appeal purports to be from his 1990 conviction and sentence, it is apparent from the record and the documents Franz has filed in this court that he is appealing from the trial court's order denying his motion for an out-of-time appeal and extraordinary motion for a new trial. See generally *Stephens v. State*, 201 Ga. App. 737 (1) (412 SE2d 568) (1991); *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984). Given Franz's pro se status and the fact that his appeal was timely filed from the order denying his motions,[2] we shall treat Franz's no-

---

[1] Franz's motion for a new trial is an extraordinary motion for a new trial because it was filed more than 30 days after the entry of judgment. *Wiley v. State*, 204 Ga. App. 881, 882 (4) (420 SE2d 783) (1992).

[2] Franz's premature filing of the notice of appeal, three days before the court filed its order, does not require dismissal of the appeal. *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975); *Realty Trading Co. v. Fiduciary Leasco*, 200 Ga. App. 261 (1) (a) (407 SE2d 486) (1991); *LeGallienne v. State*, 180 Ga. App. 108 (3) (348 SE2d 471) (1986).

tice as an appeal from that order. The State's motion to dismiss is denied.

2. Franz challenges the court's denial of his motion for an out-of-time appeal on the ground that his trial counsel was ineffective in refusing to file a timely appeal. "Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. [Cits.] An out-of-time appeal, however, is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. [Cits.]" *Evans v. State*, 198 Ga. App. 537, 538 (402 SE2d 131) (1991). Franz was adequately informed of his appeal rights. At the hearing on Franz's motion for an out-of-time appeal, the trial judge stated that after sentencing Franz in 1990 he informed Franz of his right to appeal and the attendant time limits. Franz does not contradict this statement. Franz presented no evidence showing that his right of appeal was denied through counsel's negligence or ignorance; he simply claims that counsel advised him that an appeal was without merit. There is nothing in the record showing that this advice was erroneous. Franz did not hire another attorney or ask the court to appoint other counsel to represent him on appeal. Now, more than two years after his conviction, Franz attempts to appeal. Under these circumstances, the court was authorized to conclude that the lengthy delay in attempting to appeal is attributable to Franz's conduct, either alone or in concert with his trial attorney. The court did not err in denying the motion for an out-of-time appeal. *Harper v. State*, 154 Ga. App. 550 (1) (269 SE2d 56) (1980).

3. The only argument set forth by Franz on appeal relating to his extraordinary motion for a new trial is a challenge to the sufficiency of the evidence supporting his conviction. "OCGA § 5-5-41 (a) gives the trial judge the discretion to allow the filing of an extraordinary motion for new trial after the expiration of the 30-day period where some good reason is shown why the motion was not made during such period. Normally, of course, the good reason necessary to permit the filing of an extraordinary motion for new trial consists of newly discovered evidence. However, the late filing of a motion for new trial may also be predicated on circumstances other than newly discovered evidence." (Citations and punctuation omitted.) *Martin v. Children's Sesame*, 188 Ga. App. 242 (1) (372 SE2d 648) (1988). The sufficiency of the evidence, as argued by Franz on appeal, is not a sufficiently good reason to grant an extraordinary motion for new trial. The trial court did not abuse its discretion in denying the motion.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993 —
RECONSIDERATION DENIED MAY 21, 1993.

Carl Franz, *pro se.*
*H. Lamar Cole, District Attorney*, for appellee.