## A98A0887. JOHNSON v. THE STATE.
(507 SE2d 13)

Judge Harold R. Banke.

John Albert Johnson was convicted of the misdemeanor offenses of obstruction of an officer, no proof of insurance, and failure to exhibit his driver's license on demand. In his pro se appeal, Johnson enumerates five errors.

This case arose when officers conducting a routine roadblock stopped Johnson to check his license and insurance. *Morris v. State,* 228 Ga. App. 90, 91 (1) (491 SE2d 190) (1997) (the evidence on appeal is viewed in the light most favorable to the verdict). After challenging the officers' right to check these documents and failing to produce his own, Johnson was arrested. To effectuate the arrest, the officers had to physically pry Johnson from the cab of his truck by handcuffing him and twisting the cuffs until he moved. *Held*:

1. Johnson claims the trial court erred in denying his motion to dismiss for failure to hold an open and public preliminary hearing in violation of his due process rights. However, at the hearing on his motion he provided no evidentiary basis for his allegations. Nor has he supported this claim of error with specific citations to the record or transcript as required by Court of Appeals Rule 27 (c) (3) (i) or submitted a transcript of the preliminary hearing. *Guest v. State,* 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997) (appellant must demonstrate error affirmatively by the record). In any event, we find beyond a reasonable doubt that the error, if any, did not contribute to the verdict in this case; thus, the denial of Johnson's motion to dismiss must be affirmed. See *Little v. State,* 230 Ga. App. 803, 807-808 (2) (498 SE2d 284) (1998).

2. In his second enumeration, Johnson maintains that the trial court erred by denying what apparently was a second motion to dismiss premised on the same grounds as those asserted in his first enu-

meration, the denial of his right to an open and public hearing. Johnson asserts that the trial court orally denied his motion as untimely during an October 20, 1996 hearing just prior to trial. He does not contest the trial court's finding of untimeliness.

Johnson provided no citations to the record, and we have found no such motion. Court of Appeals Rule 27 (c) (3) (i). However, the record shows that on October 20, the day of trial, the trial court declined to reach a number of motions which were filed after the time for filing had expired. None of these filings was styled as a motion to dismiss. But no matter how the filing at issue was styled, the trial court acted within the ambit of Uniform Superior Court Rule 31.1, which permits trial courts to refuse to consider untimely motions. See *Roberson v. State*, 195 Ga. App. 379 (1) (393 SE2d 516) (1990); see also *Thompson v. State*, 195 Ga. App. 18, 20 (2) (392 SE2d 732) (1990).

3. The trial court did not err by denying Johnson's motion for directed verdict of acquittal. When "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom" demands a not guilty verdict, a directed verdict of acquittal is appropriate. OCGA § 17-9-1 (a).

Here, the only evidence that Johnson presented was testimony by two of the arresting officers which supported the State's version of the events. The State presented evidence that after the arresting officer stopped Johnson at the roadblock and asked for his driver's license and proof of insurance, Johnson asked what he had done. The officer responded, "Nothing," but reiterated that he needed to inspect Johnson's documents. Johnson then stated that he had not committed a crime and asked for the officer's name and badge number. After the officer gave Johnson this information, he informed Johnson that he needed to produce his license and proof of insurance immediately or he would be arrested. Johnson then asked for the Code section which permitted the officer to demand his license. This went on for several minutes. Then another officer came over and Johnson was informed that he was under arrest and asked to step out of his truck. At that point, Johnson did not budge, hanging onto his steering wheel until the officers forced him from the truck.

This evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find that Johnson initially violated OCGA § 40-5-29 (b) by failing to display his driver's license upon the demand of a law enforcement officer and OCGA § 40-6-10 by failing to provide proof of insurance. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The record shows that after committing these offenses in the officers' presence, Johnson refused to comply with the officers' command to exit his truck after his arrest. These facts were sufficient to present a jury

question on the obstruction charge. Id.; OCGA § 16-10-24 (a); see *Reed v. State*, 205 Ga. App. 209, 212 (4) (422 SE2d 15) (1992).

Notwithstanding Johnson's contention to the contrary, *Coley v. State*, 178 Ga. App. 668 (344 SE2d 490) (1986) is distinguishable. In *Coley*, the defendant committed no crime in the officer's presence. Id. Nor did he argue with the officer. Id.

4. Johnson argues that a fatal variance occurred when he was sentenced under one set of accusations but charged and tried under another. The record refutes this contention. Johnson was assigned a different case number after the first judge handling this case declared a mistrial and recused.[1] A single digit, which apparently represented the number ascribed to the new judge, was changed. But the accusations remained the same. The record contains nothing to substantiate Johnson's claim of a fatal variance. See *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303) (1992). Nor did he show that this issue was properly raised in the trial court. *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997) (because this Court corrects errors made in the trial court where proper exception is taken, issues raised for the first time on appeal furnish us with nothing to review).

5. Johnson claims the trial court erred by conspiring to alter the records forwarded to this Court in an effort to sustain his conviction at any cost. The gist of his argument is that the change in case number constituted an alteration of the record. Assuming solely for the sake of argument that some sort of alteration occurred, Johnson failed to satisfy his burden of specifying how the alleged error harmed him. *Herndon v. State*, 229 Ga. App. 457 (3) (494 SE2d 262) (1997) (both harm and error must be affirmatively shown to authorize reversal on appeal). Consequently, this enumeration provides no ground for reversal.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 19, 1998 — 
RECONSIDERATION DENIED SEPTEMBER 3, 1998 — 

John A. Johnson, *pro se.*
*Gerald N. Blaney, Jr., Solicitor, Gary S. Vey, Assistant Solicitor,* for appellee.

---

[1] The case number on Johnson's case changed from Criminal Action No. 96-D-1951-4 to 96-D-1951-2 after the first judge recused.