## A99A1353. BURROUGHS v. THE STATE.
(521 SE2d 652)

ELLINGTON, Judge.

Arthur Burroughs appeals the denial of his motion for an out-of-time appeal, arguing his trial counsel neglected to file a notice of appeal or motion for new trial on his behalf. Burroughs also contends he was entitled to the assistance of counsel on his out-of-time appeal motion. For the following reasons, we affirm.

1. As we have held:

> " 'Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights.' " (Citations omitted.) *Franz v. State*, 208 Ga. App. 677, 678 (2) (432 SE2d 554) (1993). " 'The right to appeal is violated when the appointed lawyer deliberately (forgoes) the direct appeal without first obtaining his client's consent. . . .' (Cit.)" *Moore v. State*, 176 Ga. App. 882, 883 (339 SE2d 271) (1985). Such action constitutes ineffectiveness. *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). "A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. *Cannon*,

> 175 Ga. App. at 742. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Id.

*Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

Following a bench trial held on June 30, 1992, Burroughs was convicted of three counts of child molestation. Burroughs admits he was advised of his appellate rights. Burroughs assumed his attorney, Albert C. Smarr, was handling the appeal because, immediately after the trial, Smarr told him that even though he saw no basis for an appeal and generally did not handle appeals, he would nevertheless "look in to it." However, Smarr testified that within the 30-day period for filing a notice of appeal or motion for new trial, he told Burroughs that he saw no grounds for an appeal, "but that this was something [Burroughs] could pursue" with other counsel. Although Smarr did continue to represent Burroughs in a divorce case and other matters, he did not agree to handle the criminal appeal. He told Burroughs: "If you want somebody else to do it, it won't hurt my feelings." In fact, Smarr received correspondence that led him to believe Burroughs had obtained other appellate counsel.

Burroughs testified that four years after his conviction, he discovered that no appeal had been filed. Burroughs admits that during that four-year period he had no discussions with Smarr about the criminal appeal — even though they discussed other legal matters. Further, when he learned that no appeal had been filed, Burroughs did nothing. He waited an additional two years before filing the motion for an out-of-time appeal. Burroughs presented no evidence suggesting an appeal would have been successful.

Given the circumstances of this case, we conclude Burroughs bore the responsibility for the failure to file timely an appeal. The court did not err in denying the motion for an out-of-time appeal. See *Franz*, supra.

2. Burroughs was not entitled to the assistance of counsel on his motion for an out-of-time appeal.

> Under the United States Constitution, the state is required to provide counsel to indigent defendants for their trial, *Gideon v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), and for their first appeal as a matter of right, *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963), but no further. The Constitution does not even require states with multi-tiered appellate systems to appoint appellate counsel through the exhaustion of an indigent defendant's discretionary direct appeals. *Ross v. Moffitt*, 417 U. S. 600 (94 SC 2437, 41 LE2d 341) (1974).

*Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). Because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, Burroughs was not entitled to the assistance of appointed counsel. See *Paino v. State*, 263 Ga. 331 (435 SE2d 24) (1993) (no right to counsel on petition for certiorari). We find no error.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 12, 1999.

Arthur Burroughs, *pro se.*

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, for appellee.