# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1208, A19A1209.  SABINO P. CRUZ v. THE STATE.**

In 2002, Sabino P. Cruz pleaded guilty to one count of aggravated child molestation, two counts of child molestation, and one count of burglary. He filed a timely motion to withdraw his guilty plea, which the trial court denied. Years later, after Cruz was granted an out-of-time appeal, we affirmed the trial court's ruling. *Cruz v. State*,  315 Ga. App. 843 (729 SE2d 9) (2012). After remittitur issued, Cruz filed multiple pro se motions, which the trial court denied. Cruz then filed these appeals. For reasons that follow, we lack jurisdiction in both cases.

*Case No. A19A1208*

In December 2012, Cruz filed motions for a writ of coram nobis and for oral argument. In a single order, the trial court denied both motions. Cruz filed an application for discretionary appeal in this Court, which we denied. See Case No. A13D0202 (decided Feb. 6, 2013). Cruz also filed a timely notice of direct appeal. Approximately six years later, the appeal has finally been transmitted here, and we have docketed it as Case No. A19A1208.

"A writ of coram nobis is simply an extraordinary motion for new trial based on newly discovered evidence." *Wiley v. State*, 204 Ga. App. 881, 882 (4) (420 SE2d 783) (1992). An order denying an extraordinary motion for a new trial must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). Thus, Cruz has no right of direct appeal here. Further, our previous denial of Cruz's application for discretionary appeal was an adjudication on the merits, and therefore the doctrine of res judicata bars this direct appeal from the same trial court order. See *Northwest*

*Social & Civic Club, Inc. v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007).

For these reasons, Case No. A19A1208 is hereby DISMISSED.

*Case No. A19A1209*

In October 2013, Cruz filed a motion to vacate a void judgment. The trial court denied the motion, and Cruz filed a timely notice of appeal. More than five years later, that appeal, too, has been transmitted here, and we have docketed it as Case No. A19A1209.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). However, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Cruz did not argue that his sentences exceeded the statutory maximums. Instead, he claimed that the indictment failed to charge him with the crime of burglary because it gave only a street address where the burglary occurred, but did not specify the city or county. This, however, is a challenge to Cruz's conviction, not his sentence. See *Johnson v. State*, 281 Ga. App. 401, 401 (636 SE2d 124) (2006). Further, the challenge lacks merit, as the indictment clearly alleges that Jones committed the burglary "in the State of Georgia and the County of Gwinnett[.]"

Accordingly, in the absence of a colorable void-sentence claim, Case No. A19A1209 is also DISMISSED. See *Burg*, 297 Ga. App. at 120.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  01/30/2019
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*