## 73997. CUNNINGHAM v. THE STATE.
(356 SE2d 542)

POPE, Judge.

Defendant appeals his conviction of two counts of selling marijuana in violation of the Georgia Controlled Substances Act. In his sole enumeration of error, defendant contends that the trial court erred in allowing the State to question one of the defendant's character witnesses concerning the names of individuals who had stated to the witness that the defendant had good character.

The rule as it pertains to the direct examination of character witnesses is well settled. "(D)irect examination to prove the character of the accused must be limited to questions concerning his general reputation in the community in which he lives. . . . (T)he rule in Georgia is that good character may be proved only by testimony of a witness as to the reputation of the person whose character is in issue . . . [S]ubject to minor exceptions, the opinion of a witness as to character based on personal observation is not an approved way of introducing evidence of character." (Citations and punctuation omitted.) *Taylor v. State*, 176 Ga. App. 567, 570-71 (336 SE2d 832) (1985). See also *Simpkins v. State*, 149 Ga. App. 763 (1) (256 SE2d 63) (1979). As to the cross-examination of such witnesses it has been stated: " 'When the defendant, in the trial of a criminal case, puts his character in issue the State . . . may cross-examine the witnesses offered by him in order to test their knowledge of his character. . . .' [Cit.]" *Ailstock v. State*, 159 Ga. App. 482, 485 (283 SE2d 698) (1981). Thus, although it is the rule in this state that " '[o]n the direct examination of such witnesses as are offered to establish character, particular transactions or the opinions or statements of individuals can not be brought in[,] . . . on cross-examination this privilege may be exercised, for the purpose of showing the extent and foundation of the witness' knowledge. . . .' " *Hudson v. State*, 163 Ga. App. 845, 848 (295 SE2d 123) (1982); see OCGA § 24-9-84. See generally *Gravitt v. State*, 220 Ga. 781 (8) (141 SE2d 893) (1965); *Taylor*, supra; *Simpkins*, supra. Accordingly, we find no error.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED APRIL 9, 1987.

*William Rhymer*, for appellant.
*Timothy G. Madison, District Attorney, T. David Motes, Assis-*

*tant District Attorney*, for appellee.