## A02A0126. CHAMBERS v. THE STATE.
### (556 SE2d 444)

ELDRIDGE, Judge.

A Clayton County jury found Kenneth Lee Chambers guilty of misdemeanor obstruction of a police officer, which charge arose when Clayton County Police Officer C. R. Tippens answered a domestic disturbance call to Chambers' home.[1] He appeals, and upon review, we affirm.

1. Chambers challenges the sufficiency of the evidence supporting his conviction for obstruction of an officer. In that regard, we must measure all Chambers' evidentiary challenges against the *Jackson v. Virginia*[2] standard. In so doing, we view the evidence in the light most favorable to the verdict; Chambers no longer enjoys the presumption of innocence; and we will determine the sufficiency of the evidence, but not its weight. Also, we do not judge the credibility of the witnesses.[3]

Viewed in this light, Officer Tippens was called to Chambers' residence pursuant to his live-in girlfriend's 911 call that Chambers was intoxicated and physically abusive, throwing kitchen pots and pans at her. Upon Tippens' arrival, the victim asked him to talk to Chambers. At such urging, Tippens entered the residence and found Chambers sitting in a chair, apparently drunk, holding a growling dog by the collar. Chambers refused to cooperate with the investigation; he refused to put the animal in another room; and he became

---

[1] Chambers was found not guilty of the underlying basis for the domestic disturbance call: simple battery (family violence) under Count 1 of the accusation and simple battery under Count 2.

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

verbally abusive toward the officer, telling him "to get the fuck out." When his girlfriend approached the chair in order to remove the dog, Chambers hit her on the side of the head in the officer's presence. Officer Tippens then informed Chambers that he was under arrest for simple battery. When so informed, Chambers told the officer that "he was not going to jail" and picked up a disposable lighter as a weapon. The incident escalated when the officer approached Chambers, who was still holding the growling dog by one hand and the lighter in the other. Chambers rose and attempted to knee Officer Tippens in the groin; Tippens responded by striking Chambers in the face:

> he [Chambers] went back, he released the dog. The victim scurried the dog out of the room into a bedroom off the hallway. He went back. And when he did, he still had the lighter in his hand. And he came up and swung up at my chin because I was still hovering over him; I leaned back; he missed; and I struck him again. At that point both of us — he went over out of the chair. I fell on top of him because my momentum was carrying me forward also. The chair fell on top of both of us, and he ended up face down in the hallway with his arms tucked up under him, and he refused to let me take him into custody. And it was, from then, a wrestling match.

We find this evidence sufficient for a rational trier of fact to have found Chambers guilty of obstruction of an officer in the lawful performance of his duties.[4] Notwithstanding Chambers' claims to the contrary, our decision in *Coley v. State*[5] is distinguishable. "In *Coley*, the defendant committed no crime in the officer's presence. Nor did he argue with the officer."[6] We also reject Chambers' assertion that Officer Tippens was not "invited" into the residence by the victim and, thus, all that transpired after such entry was unlawful. Chambers argued such issue exhaustively to the jury, which found to the contrary. This credibility determination on the facts was the jury's to make. As it is supported by the evidence, we will not go behind it.

2. Chambers contends the trial court erred in refusing to strike for cause venireman Singleton who worked for the DeKalb County Sheriff's Office. We find this contention without merit. No transcript was made of the voir dire conducted in this case. Thus, venireman Singleton's answers are not a part of the record before us. From the

---

[4] *Jackson v. Virginia*, supra.
[5] 178 Ga. App. 668 (344 SE2d 490) (1986).
[6] (Citation omitted.) *Johnson v. State*, 234 Ga. App. 218, 220 (3) (507 SE2d 13) (1998).

trial court's recollection, Singleton's disputed answer reflected an unawareness that the State has the burden of proof in a criminal trial. Thereafter,

> [t]he Court, after Mr. Singleton responded to Mr. Morris [defense attorney] that he thought that the defendant had to prove his innocence, asked Mr. Singleton if I charged him that the law was the opposite of that and that, in fact, the burden of proof was on the State, that the defendant never had to prove innocence, could he follow those instructions; and he did reply that he could. Upon further voir dire, as a matter of fact, by Mr. Morris on behalf of Mr. Chambers, he repeated that three or four more times.

From the record, it appears that venireman Singleton expressed neither a partiality for the State nor a prejudice against Chambers, but simply an ignorance of the law. "Whether to strike a juror for favor lies within the sound discretion of the trial court."[7] Under the circumstances presented here, we find no abuse of the trial court's discretion.

Under this same enumeration of error, Chambers contends that venireman Singleton is a Peace Officer Standards & Training-certified law enforcement officer with arrest powers who, therefore, was subject to be struck for cause under OCGA § 15-12-1.[8] We find this claim — coming for the first time upon motion for new trial — to be meritless. At trial, Chambers specifically stated that although Singleton worked for the DeKalb County Sheriff's Office, his profession would *not* provide a reason to strike for cause. Such concession, then, is at odds with Chambers' current claim, and there is absolutely nothing substantive in the record to show that Singleton's employment with the DeKalb County Sheriff's Office is as a certified law enforcement officer with arrest powers. "The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed."[9]

3. OCGA § 15-12-166[10] applies procedurally to the selection of juries in felony cases, and thus Chambers' claim of error thereunder presents no basis for reversal in this misdemeanor case. Moreover,

---

[7] *Durham v. State*, 185 Ga. App. 163, 165 (2) (363 SE2d 607) (1987).

[8] See *Hutcheson v. State*, 246 Ga. 13-14 (1) (268 SE2d 643) (1980).

[9] (Citation, punctuation and footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 351 (3) (506 SE2d 392) (1998).

[10] "If a juror is found competent and is not challenged peremptorily by the state, he shall be put upon the accused. Unless he is challenged peremptorily by the accused, the juror shall be sworn to try the case." OCGA § 15-12-166.

Chambers fails to state how the jury selection procedure used by the trial court harmed him in any fashion. "It is well established that the system by which juries are selected does not include the right of any party to select certain jurors but to permit parties to protect themselves against prejudice by allowing them to exclude unacceptable jurors. Defendant has no vested right to a particular juror."[11] Here, Chambers does not contend that any juror was unacceptable or that he was forced to use a peremptory strike improperly. His claim of error is directed only at the procedure used, with no evidence — or assertion — of harm resulting therefrom.[12] Accordingly, we find no harm in the trial court's denial of his motion for new trial on such basis, and "[h]arm, as well as error, must be shown to authorize a reversal by this Court."[13]

4. Next, Chambers contends he was denied a "thorough and sifting cross-examination" when the trial court refused to allow him to ask Officer Tippens if his police report reflected that Chambers' girlfriend was "laying the bed" at the time Chambers began to throw pots and pans at her; he asserts that such contents of the police report would have impeached Officer Tippens' testimony that Chambers' girlfriend was not "laying the bed" when Chambers started throwing kitchenware at her. This claim of error is meritless.

Officer Tippens had no personal knowledge of where Chambers' girlfriend was when the trouble began; he had not arrived on the scene. Further, he did not admit or deny that Chambers' girlfriend had said she was "laying the bed" when the pans started flying; instead, he asserted that "she didn't say that to me, no." Another officer was called to the scene and participated in Chambers' arrest; such information in the police report could have come from him.

In addition, Chambers was found "not guilty" on the simple battery (family violence) count arising from the 911 call.[14] Thus, the single piece of "impeaching" information about which Chambers now complains is moot as to the instant conviction for obstruction of an officer.

Finally, we have reviewed the aggressive, 70-page cross-examination of Officer Tippens which included many "questions" such as, "So instead of trying to use your pure strength or continuing the wrestling match, you just basically punched him in the mouth,"

---

[11] (Citation and punctuation omitted.) *Thompkins v. State*, 181 Ga. App. 158, 159 (2) (351 SE2d 475) (1986).

[12] See, e.g., *Lane v. State*, 239 Ga. App. 230, 231 (520 SE2d 705) (1999) (no evidence to support bare claim that arbitrary, exclusive methods used to compile jury list).

[13] (Citation omitted.) *Nobles v. State*, 201 Ga. App. 483, 488 (9) (411 SE2d 294) (1991).

[14] Chambers' girlfriend, the victim, took the stand on Chambers' behalf and testified that Chambers did not throw kitchenware at her as she had reported to the police and that no incident of family violence had occurred prior to the officer's arrival.

and, "Once you crossed that line, being there without a warrant and an invitation, you got upset, you struck the man in the teeth. You had to come up with something to give you an exception to having a warrant, correct," and, "what happened next was you lost your cool and knocked his teeth out?" We find it highly probable that the trial court's denial of a single cross-examination question on a moot point did not contribute to the verdict on the obstruction charge.[15]

5. We also find no error in the admission of statements made by Chambers' girlfriend to the police officer. Such statements were made by the victim upon the officer's arrival at the crime scene and were thus res gestae.[16] Further, Chambers' girlfriend ultimately testified at trial and was subject to cross-examination; accordingly, there is no hearsay issue.[17]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 29, 2001.

*Ricky W. Morris, Jr.*, for appellant.
*Keith C. Martin, Solicitor-General, Kristin R. Campbell, Assistant Solicitor-General*, for appellee.

---

[15] *Berry v. State*, 235 Ga. App. 35, 38 (508 SE2d 435) (1998).
[16] OCGA § 24-3-3; *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136) (1995).
[17] *Price v. State*, 220 Ga. App. 176, 177 (2) (a) (469 SE2d 333) (1996); *Chambers v. State*, 183 Ga. App. 874, 875 (2) (360 SE2d 438) (1987); Green, Ga. Law of Evidence, § 221, p. 497; § 224, p. 502.