## A01A1920. THE STATE v. CAIN.

(558 SE2d 75)

ANDREWS, Presiding Judge.

The issue raised in this appeal is whether the trial court erred in probating a portion of Kenneth Cain's sentence after Cain pled guilty to one count of burglary. The State argues on appeal that because this was Cain's second burglary conviction, the trial judge did not have discretion to probate a portion of his sentence. We agree and vacate the sentence.

OCGA § 16-7-1 (b) provides:

Upon a second conviction for a crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than two nor more than 20 years. Upon a third conviction for the crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than five nor more than 20 years. Adjudication of guilt or imposition of sentence shall not be suspended, probated, deferred, or withheld for any offense punishable under this subsection.

Here, in spite of the clear wording of the statute, the court sentenced Cain to two years to serve eight months with the rest probated. Although there is no transcript of the sentencing, the State's brief says that the trial court relied on *Knight v. State*, 243 Ga. 770 (257 SE2d 182) (1979), as authority for probating a portion of the sentence. But, *Knight* interprets the Habitual Offender Act, OCGA § 17-10-7 (Code Ann. § 27-2511), not OCGA § 16-7-1. Moreover, because specific sentencing provisions such as OCGA § 16-7-1 (b) prevail over the general recidivist statute at OCGA § 17-10-7, "the general recidivist scheme of OCGA § 17-10-7 will not apply to multiple or repeat convictions under OCGA § 16-7-1 (a) because OCGA § 16-7-1 (b) does not contemplate or permit the applicability of OCGA § 17-10-7." *Norwood v. State*, 249 Ga. App. 507, 508-509 (2) (548 SE2d 478) (2001) (citing *Mann v. State*, 273 Ga. 366, 368 (541 SE2d 645) (2001)).

In any event, Cain does not argue on appeal that the court had discretion to probate a portion of his sentence. Rather, he claims that the State must show proof of the prior conviction before it can request recidivist punishment for the present offense. Cain cites to *Nash v. State*, 271 Ga. 281, 284-285 (519 SE2d 893) (1999), as authority for this claim. But, *Nash* is not on point and provides no support for his argument.

The record shows that the State served Cain with a list of evidence in aggravation of offense. The transcripts show that at the sentencing hearings, defense counsel never objected to any of the listed offenses or argued that the State must introduce the prior convictions into evidence.

"No requirement exists under Georgia law which would limit the state to a single means of proving prior convictions of a criminal defendant in order to have the recidivism statute applied to the sentencing of the defendant." *Tankersley v. State*, 155 Ga. App. 917, 922 (14) (273 SE2d 862) (1980). Moreover, in a case directly on point, this Court has held that when no objection to the form of the evidence of the prior conviction was made at the presentence hearing, the issue was not preserved for review on appeal. *Walker v. State*, 204 Ga. App. 269 (419 SE2d 542) (1992).

Accordingly, the trial court had no discretion to probate any of Cain's sentence under OCGA § 16-7-1, and therefore we vacate the sentence and remand this case to the trial court for resentencing.

*Sentence vacated and case remanded. Eldridge and Miller, JJ., concur.*

DECIDED DECEMBER 19, 2001.

*J. Tom Morgan, District Attorney, Benjamin M. First, Alison T. Burleson, Assistant District Attorneys*, for appellant.
*Howard A. Becker*, for appellee.