## A02A0537. CARROLL v. THE STATE.
(564 SE2d 833)

MILLER, Judge.

Billy Joe Carroll was tried for various felonies and acquitted of all charges except a simple battery misdemeanor charge. The uncontradicted evidence regarding the simple battery was that he pulled the victim's hair, which Carroll himself conceded he may have done when he pulled her toward him to hit her. This renders moot most of the issues in Carroll's appeal, for the issues primarily concern the felonies of which Carroll was acquitted. Accordingly, we affirm.

Soon after his divorce from the victim, Carroll came to a residence where the victim was having dinner and violently confronted her and her boyfriend. Although the evidence was disputed as to the extent of the confrontation, all testified that Carroll pulled his ex-wife's hair and struck her, with Carroll himself conceding on the stand that he struck her with his fist and that he may have pulled her hair when he pulled her toward him to land the blow.

Carroll was indicted for burglary, aggravated assault on the boyfriend with a gun, simple battery by pulling the ex-wife's hair, kidnapping, aggravated assault on the ex-wife with a gun, and possession of a firearm during the commission of a crime. A jury acquitted him on all counts except the simple battery misdemeanor count. He appeals, alleging that the trial court erred in (1) sustaining various relevance objections raised by the State during his cross-examinations, (2) charging the jury incorrectly on the prior inconsistent statement rule, (3) allowing the State to improperly cross-examine his good character witness, and (4) making an expression of opinion on the evidence.

1. Carroll's complaint that the court improperly curtailed his cross-examination of the State's witnesses fails for two reasons. First, he correctly points out in his appellate brief that the disputed cross-examination questions were designed to show that Carroll assaulted his ex-wife with his fist, not with a gun as charged in the indictment. Since Carroll was acquitted of all gun-related assault charges, however, this curtailing of his cross-examinations could not have been harmful, rendering this enumeration moot. See *Chambers v. State*, 252 Ga. App. 190, 193 (4) (556 SE2d 444) (2001).

Second, "the scope of cross-examination is within the sound discretion of the trial court and will not cause reversal unless the discretion is abused. [Cits.]" *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987); see *Roseberry v. State*, 251 Ga. App. 856, 857 (1) (554 SE2d 816) (2001) (" 'The admission or exclusion of evidence on the ground of relevance lies within the discretion of the trial court.' ") (footnote omitted). Having reviewed the disputed cross-examination questions to which objections were sustained, we discern no abuse.

2. Carroll objects to the trial court's charge to the jury that they could consider prior consistent and inconsistent statements of testifying witnesses as substantive evidence. Although Carroll concedes that the charge was correct under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), as to the prior inconsistent statements he made, he argues that it was not correct to instruct the jury that they could consider his prior consistent statements as substantive evidence.

This argument fails for at least two reasons. First, since the prior consistent statements at issue were those of Carroll, it would be

only in his *favor* to allow the jury to consider them; to the extent they were consistent with his trial testimony, they would only bolster that testimony. Second, *Gibbons*'s rule allowing prior inconsistent statements as substantive evidence was extended to prior consistent statements in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). See *Woodard v. State*, 269 Ga. 317, 318-320 (2) (496 SE2d 896) (1998). The trial court's instruction to the jury was accordingly correct.

3. Carroll argues that the court erred in allowing the State to cross-examine one of his good character witnesses about Carroll's prior arrest for criminal trespass. Carroll, however, failed to raise any objection below and has therefore preserved nothing for review. *Strong v. State*, 263 Ga. 587, 589 (3) (436 SE2d 213) (1993). Carroll's plea that we consider the issue nonetheless under the "plain error" doctrine is unavailing, as this doctrine applies only in death penalty cases or in alleged violations of OCGA § 17-8-57 in other criminal cases. *Abernathy v. State*, 252 Ga. App. 635-636 (1) (556 SE2d 859) (2001); see *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000). Moreover, we fail to see any "plain error" here, especially since OCGA § 24-9-84 allows a party to cross-examine a character witness about specific transactions to show the extent and foundation of the witness's knowledge. *Cunningham v. State*, 182 Ga. App. 591 (356 SE2d 542) (1987).

4. Carroll contends that the trial court improperly intimated a negative opinion of his defense by sustaining various objections of the State in a negative or sarcastic tone. Carroll waived this issue by failing to object or move for a mistrial on this ground below, *Paul*, supra, 272 Ga. at 848 (2), but inasmuch as he raises a potential violation of OCGA § 17-8-57, we evaluate whether this issue should be reviewed under the "plain error" doctrine. Id. at 848-849 (3).

In this regard, "we must consider whether the court violated OCGA § 17-8-57 and, if so, whether the violation constituted an obvious error or one that seriously affected the fairness, integrity, and public reputation of these judicial proceedings." (Citations and punctuation omitted.) *Seidenfaden v. State*, 249 Ga. App. 314, 318 (2) (547 SE2d 578) (2001); see *Hunt v. State*, 247 Ga. App. 464, 468 (5) (542 SE2d 591) (2000). Carroll's complaints primarily concern statements the court made in explaining its rulings that sustained the State's objections to various cross-examination questions. "[T]he statutory inhibition against an expression or intimation of opinion by the trial court as to the facts of the case does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence." (Citation, punctuation and footnotes omitted.) *Leggon v. State*, 249 Ga. App. 467, 473 (6) (549 SE2d 137) (2001); see *Rowe v. State*, 266 Ga. 136, 139 (2) (464 SE2d 811) (1996).

Our review of the other alleged "expressions of opinion" reveals no violations of OCGA § 17-8-57. For example, the court accurately corrected a witness's statement that a warrant had been taken out, when in fact only an application for a warrant was made (which application was rejected). To cure any possible misunderstandings of its actions, the court carefully instructed the jury not to interpret any comments or rulings by the court as an expression of opinion upon the facts of the case, upon the credibility of the witnesses, upon the weight of the evidence, or upon the guilt or innocence of the defendant. In light of such instructions and the tenuous nature of Carroll's arguments, and in light of the jury's acquitting Carroll on all charges save the misdemeanor, we hold that the court did not violate OCGA § 17-8-57 at all, let alone in an obvious manner that affected the integrity of the proceedings. See *Hunt*, supra, 247 Ga. App. at 469 (5); *Johnson v. State*, 234 Ga. App. 58, 59 (1) (506 SE2d 212) (1998). This enumeration fails.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2002.

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.