A03A0801. WILLIAMS v. THE STATE.
(581 SE2d 313)

ELLINGTON, Judge.

A Seminole County jury convicted Joseph Williams of aggravated assault, OCGA § 16-5-21 (c), and two counts of obstruction of peace officers, OCGA § 16-10-24.[1] Williams contends there was insufficient evidence to support his obstruction convictions, claiming that he did not verbally or physically threaten the officers or argue with them. Finding no error, we affirm.

When a defendant challenges the sufficiency of the evidence on appeal, "we view the evidence in the light most favorable to the verdict; [Williams] no longer enjoys the presumption of innocence; and we will determine the sufficiency of the evidence, but not its weight. Also, we do not judge the credibility of the witnesses." (Footnote omitted.) *Chambers v. State*, 252 Ga. App. 190 (1) (556 SE2d 444) (2001). Viewed in this light, the evidence shows that, on March 21, 2001, Williams was incarcerated at Seminole County Jail on an unrelated charge. Shortly after lunch, Williams became angry because a jail detention officer, Officer Norris, had confiscated his checkerboard, a prohibited item at the jail. Williams argued with Officer Norris and repeatedly cursed at him. Officer Norris ordered Williams to return to his cell and close his door so he could be locked in. While they

---

[11] *Al-Beti v. State*, 210 Ga. App. 312, 313 (436 SE2d 50) (1993).

[1] "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, [or] correctional officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony." OCGA § 16-10-24 (b).

walked to the cell, Williams continued to swear at Officer Norris and threatened to "kick his ass" and "dust him off." When Williams got to the maximum security area, he refused to enter his cell and was "ranting and raving, cussing and carrying on, saying he wasn't going anywhere." Another officer, Deputy Pugh, intervened and ordered Williams at least five times to go into his cell, but Williams still refused. According to Deputy Pugh, Williams said, "I'll get you when I get out of here." Finally, Williams picked up his food tray and started walking toward his cell. Suddenly, Williams stopped, turned toward Deputy Pugh, and walked three steps toward him in a threatening manner. After ordering Williams to stop, Deputy Pugh sprayed Williams with pepper spray. When Deputy Pugh approached Williams, Williams swung his food tray, dumping food all over Deputy Pugh. In the process, Williams hit Deputy Pugh on the side of his face with the tray. Williams charged at Deputy Pugh, but Officer Norris grabbed Williams from behind and wrestled him to the floor. While both officers struggled to subdue Williams, Williams grabbed Deputy Pugh's pepper spray and pointed it at Deputy Pugh's face. While Officer Norris retrieved the pepper spray, additional officers arrived and restrained Williams. Deputy Pugh was injured during the scuffle.

This evidence was sufficient for a rational trier of fact to find Williams guilty beyond a reasonable doubt of obstructing a peace officer. *Chambers v. State*, 252 Ga. App. at 191 (1); cf. *Coley v. State*, 178 Ga. App. 668 (344 SE2d 490) (1986) (defendant was not guilty of obstruction when he did not commit a crime in the presence of officers and did not argue with or threaten them, but simply refused to immediately comply with their orders).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MARCH 13, 2003.

*William M. Shingler*, for appellant.
*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.