### A09A2364. WILLIAMS v. THE STATE.
(688 SE2d 650)

MILLER, Chief Judge.

A jury convicted Adam James Williams of two counts of felony obstruction of a law enforcement officer (OCGA § 16-10-24 (b)). Williams appeals, challenging the sufficiency of the evidence and

---

[7] *Air Liquide America Corp. v. Continental Cas. Co.*, 217 F3d 1272, 1279 (I) (B) (10th Cir. 2000).

contending that the trial court erred in (i) denying his motion for a directed verdict, (ii) punishing him as a recidivist, and (iii) refusing to charge the jury on the lesser included offense of misdemeanor obstruction and on self-defense. By a final claim of error, Williams claims that he received ineffective assistance of counsel. Discerning no trial court error and given that Williams was not afforded an opportunity to challenge the effectiveness of trial counsel, we affirm and remand.

> When a defendant challenges the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the verdict; [Williams] no longer enjoys the presumption of innocence; and we will determine the sufficiency of the evidence, but not its weight. Also, we do not judge the credibility of the witnesses.

(Citation and punctuation omitted.) *Williams v. State*, 260 Ga. App. 286 (581 SE2d 313) (2003).

So viewed, the evidence shows that on September 28, 2008, Williams was incarcerated in the Lowndes County jail. When being fed the evening meal, Williams took two food trays claiming that he had not received his sandwich at the time lunch was served. Officer R.T. Holmes told Williams that prison rules limited him to a single meal because taking a second tray would deny another inmate a meal. Officer Holmes ordered Williams to put one tray back and twice attempted to take one of the food trays back from him, and after numerous failed attempts to gain Williams' compliance, Officer Holmes asked Williams to step aside, intending to contact his supervisor on the issue. Williams again refused to cooperate and instead began eating from one of the food trays he held. When Williams reached for food on the second tray, Officer Holmes knocked the food trays to the floor. Williams responded, hitting Holmes in the chin. As Williams attempted to hit him a second time, Officer Holmes caught Williams by the collar and a hand-to-hand struggle ensued.

Officer Miguel Rivera was the first officer to respond. Finding Williams on top of Holmes and choking him, Rivera struck Williams and he and Rivera began to fight. Eventually, other officers arrived at the scene and were forced to use a taser gun to subdue Williams. The fracas left Officer Holmes with an abrasion under one eye and visible marks to his throat from being choked. Officer Rivera suffered a "busted lip," a black eye and two cuts to his head.

1. Williams contends that the evidence is insufficient to support his conviction of felony obstruction against Officer Holmes, arguing that the State failed to prove that Holmes was in the lawful discharge

of his duties for the use of unreasonable force upon knocking the food trays from Williams' hand. We disagree.

"Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, [or] correctional officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony." OCGA § 16-10-24 (b). The uncontroverted evidence at trial showed that Williams repeatedly refused to obey Officer Holmes' commands to comply with jail feeding rules, in effect, taking a meal from another inmate, struck Officer Holmes, wrestled him to the floor, and choked him. A correctional officer is within the lawful discharge of his or her duties when enforcing jail rules. *Cobble v. State*, 297 Ga. App. 423, 424 (1) (677 SE2d 439) (2009). In doing so, such officer may use that force reasonably necessary to effect compliance with the same or to make an arrest, if appropriate, and an inmate has no right to resist the exercise of such reasonable force. See *Long v. State*, 261 Ga. App. 478, 479 (1) (583 SE2d 158) (2003). There is no showing of unreasonable force against Williams in these circumstances.

In light of the foregoing, the evidence was sufficient to find Williams guilty beyond a reasonable doubt of felony obstruction of the correctional officer at issue. *Williams v. State*, 260 Ga. App. 286, 286-287 (581 SE2d 313) (2003).

2. Given our disposition of Division 1, Williams' claim that the trial court erred in denying his motion for a directed verdict is without merit. See *F.A.F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987) (On appeal, the standard of review of the trial court's denial of a directed verdict is the "any evidence" standard.).

3. Williams claims that the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (c), arguing that the State failed to give him timely notice of its intent to seek recidivist punishment for lack of a showing that he had been represented by counsel as to the first of his three prior felony convictions. The transcript shows that defense counsel failed to object to the admissibility of the State's evidence of his prior felony convictions at the presentencing hearing, whether based on a claim of untimely notice or otherwise. Given the foregoing, Williams has failed to preserve the issue for review on appeal. *State v. Cain*, 253 Ga. App. 100, 101 (558 SE2d 75) (2001); *Aldridge v. State*, 158 Ga. App. 719, 722 (4) (282 SE2d 189) (1981).

4. Further, Williams claims that the trial court erred in refusing to charge the jury on the lesser included offense of misdemeanor obstruction and on self-defense. We disagree.

(a) Misdemeanor obstruction. While misdemeanor obstruction is a lesser included offense of felony obstruction (*Ojemuyiwa v. State*, 285 Ga. App. 617, 624 (5) (b) (647 SE2d 598) (2007)), "[w]here the evidence shows completion of the greater offense, [as here (Division

1, supra),] it is not necessary for the court to charge on a lesser included offense. [Cit.]" *Fricks v. State*, 210 Ga. App. 562, 563 (2) (436 SE2d 752) (1993).

(b) Self-defense. The record reveals that Williams failed to request that the trial court charge on self-defense. "Generally, where no written request for a jury charge has been filed, the failure to give that charge is not error. . . ." (Citations and punctuation omitted.) *Hubbard v. State*, 220 Ga. App. 678 (1) (469 SE2d 866) (1996). And while the "failure to charge the sole defense, even without a request, constitutes reversible error[ ]" (id.), Williams, who elected not to testify, presented no evidence of self-defense at trial. To assert the affirmative defense of justification or self-defense, "the accused admits the elements of the crime, but seeks to justify, excuse or mitigate by showing no criminal intent[.]" *Green v. State*, 240 Ga. App. 774, 775 (1) (525 SE2d 154) (1999). This Williams failed to do.

5. Williams' final enumeration of error raises for the first time a claim of ineffective assistance of trial counsel. Where the appellant did not have the opportunity to raise this issue in the trial court, we will ordinarily remand the case to the trial court for resolution of the issue through an evidentiary hearing. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996). Inasmuch as appellate counsel was not appointed until after Williams' notice of appeal was filed, appellate counsel did not have an opportunity to raise the ineffectiveness issue below. See id. Consequently, we remand the case to the trial court for an evidentiary hearing on this claim. See *Potter v. State*, 272 Ga. 430, 432 (3) (530 SE2d 725) (2000).

*Judgment affirmed and case remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 16, 2009.

*John G. Wolinski*, for appellant.
*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.