## A11A0801. WILLIAMS v. THE STATE.
### (710 SE2d 884)

MCFADDEN, Judge.

In *Williams v. State*, 301 Ga. App. 731 (688 SE2d 650) (2009), we affirmed Adam J. Williams's convictions of two counts of felony obstruction of a law enforcement officer, but remanded the case to the trial court for resolution of Williams's claim of ineffective assistance of trial counsel. Upon remand, the trial court conducted a hearing and rejected the claim. Williams now appeals.

Having failed to demonstrate that trial counsel's performance was both defective and prejudicial to his defense, Williams has failed to demonstrate ineffective assistance of counsel. We therefore affirm.

As detailed in our earlier decision, the incident occurred when Williams was incarcerated in the Lowndes County jail.

> When being fed the evening meal, Williams took two food trays claiming that he had not received his sandwich at the time lunch was served. Officer R. T. Holmes told Williams that prison rules limited him to a single meal because taking a second tray would deny another inmate a meal.

---

Officer Holmes ordered Williams to put one tray back and twice attempted to take one of the food trays back from him, and after numerous failed attempts to gain Williams'[s] compliance, Officer Holmes asked Williams to step aside, intending to contact his supervisor on the issue. Williams again refused to cooperate and instead began eating from one of the food trays he held. When Williams reached for food on the second tray, Officer Holmes knocked the food trays to the floor. Williams responded, hitting Holmes in the chin. As Williams attempted to hit him a second time, Officer Holmes caught Williams by the collar and a hand-to-hand struggle ensued.

Officer Miguel Rivera was the first officer to respond. Finding Williams on top of Holmes and choking him, Rivera struck Williams and he and Rivera began to fight. Eventually, other officers arrived at the scene and were forced to use a taser gun to subdue Williams. The fracas left Officer Holmes with an abrasion under one eye and visible marks to his throat from being choked. Officer Rivera suffered a "busted lip," a black eye and two cuts to his head.

*Williams*, supra at 732.

When reviewing a trial court's ruling on the effectiveness of trial counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation, punctuation and footnotes omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in

that order or even to address both components if the defendant has made an insufficient showing on one.

*Mahoney v. State*, 296 Ga. App. 570, 571 (2) (675 SE2d 285) (2009).

1. Williams argues that trial counsel should have introduced evidence of the federal standards on reasonable force and the local jail's policy on reasonable force. However, we previously held that under applicable Georgia law, the evidence did not show unreasonable force was used against Williams under the circumstances. *Williams*, supra at 733 (1). We observed that a correctional officer is within the lawful discharge of his or her duties when enforcing jail rules and that "such officer may use that force reasonably necessary to effect compliance with the same or to make an arrest, if appropriate, and an inmate has no right to resist the exercise of such reasonable force." Id. Given our holding that under the facts of the case and binding Georgia law there was no showing of unreasonable force, Williams has not shown that the failure to introduce evidence of reasonable force policies prejudiced his defense. Id.

2. Williams argues that trial counsel was ineffective for failing to request certain jury charges and for failing to object to the felony obstruction jury charge. "Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Citations and punctuation omitted.) *Hickson v. State*, 308 Ga. App. 50, 55 (5) (706 SE2d 670) (2011).

Williams asserts that trial counsel should have requested a charge to the effect that the jury must determine whether the officers used reasonable force in light of departmental policy. Similarly, Williams contends that trial counsel should have requested a charge to the effect that the jury should consider the severity of Williams's behavior when determining whether the officers' behavior was reasonable. Given our holding that the officers did not use unreasonable force under the circumstances, Williams has not shown with any reasonable probability that failure to request such charges affected the outcome of the trial. *Bruce*, supra.

Williams argues that trial counsel should have requested a charge to the effect that the jury should consider whether the officers were motivated by malice or ill will toward Williams, or were attempting to provoke him. Similarly, he contends that trial counsel should have requested a charge under OCGA § 16-3-21 (b) (1) and (3). Those subsections provide:

[a] person is not justified in using force . . . if he (1) [i]nitially provokes the use of force against himself with the intent to

use such force as an excuse to inflict bodily harm upon the assailant; . . . or (3) [w]as the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other, notwithstanding, continues or threatens to continue the use of unlawful force.

But Williams has pointed to no evidence introduced at trial of malice, ill will or provocation or that the officers were the aggressors. Therefore, Williams has not shown that evidence supported such charges or that trial counsel was deficient for failing to request them. See *Somchith v. State*, 272 Ga. 261, 263 (3) (527 SE2d 546) (2000) (requested jury charges must be supported by evidence).

Williams contends that trial counsel should have objected to the portion of the felony obstruction charge referring to "offering to do violence." The trial court charged the jury on the entire felony obstruction Code section, OCGA § 16-10-24 (b), omitting only the words "probation supervisor, parole supervisor, or conservation ranger." The Code section provides:

Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony. . . .

The court also charged the jury that it must decide Williams's guilt for the offenses as set forth in the indictment.

Williams argues that trial counsel should have objected to the charge because there was no evidence that he offered — or threatened — violence. Although instructions to the jury must be tailored to fit the charge in the indictment and the evidence admitted at trial,

it is not usually cause for new trial that an entire Code section is given. A charge on a [C]ode section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict. Further, in such event, any error is not harmful if the trial judge confined the elements of the crime to those charged in the indictment.

(Citations and punctuation omitted.) *Potts v. State*, 207 Ga. App. 863, 865 (1) (429 SE2d 526) (1993). Because the trial court instructed the jury to consider the evidence in light of the charges in the indict-

ment, there was no error. Consequently, trial counsel was not deficient for failing to object to the charge.

3. Williams argues that trial counsel should have filed a motion in limine to restrict the use of Williams's criminal record for impeachment purposes, and her failure to do so prevented Williams from testifying in his own defense.

At the hearing on the ineffective assistance of counsel issue, trial counsel testified that she discussed with Williams whether he should testify, informing him that the choice was his. But she counseled him that should he choose to testify, the state could impeach him with his prior convictions. We find that there is no reasonable probability that the outcome of the proceedings would have been different, but for Williams's failure to testify. *Bruce*, supra.

As Williams concedes on appeal, the facts were essentially undisputed. Williams testified at the hearing on the ineffective assistance of counsel claim, and his testimony was consistent with the other evidence. Williams testified that when he took two dinner trays, Officer Holmes snatched them out of his hands, so he hit Holmes. Holmes called for assistance and then rushed Williams. The two men struggled to the floor, putting each other in headlocks. Williams escaped Holmes's headlock and began choking him. As Williams was beginning to squeeze Holmes's neck, Officer Rivera came in. Williams and Rivera then began fighting. Williams hit Rivera twice in the body and twice in the face, and then pushed Rivera onto his back.

There is no reasonable probability that Williams's testimony would have resulted in a different outcome, and he has thus not shown that trial counsel was ineffective for failing to enable him to testify.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 26, 2011.

*John G. Wolinski*, for appellant.

*J. David Miller, District Attorney, Laura A. Wood, Assistant District Attorney*, for appellee.