## A11A1780. WELLS v. THE STATE.
### (722 SE2d 133)

PHIPPS, Presiding Judge.

William Wells was convicted of giving a false name to a law enforcement officer and of three felony counts of violation of the Georgia Controlled Substances Act. On appeal, Wells contends that the trial court erred by sentencing him as a recidivist. For the reasons that follow, we affirm.

1. Wells acknowledges that the state served him with notice of its intent to seek aggravation of punishment as a recidivist and attached copies of his prior guilty plea convictions to the notice, but argues that the evidence was insufficient to prove the existence of any of the prior convictions because the state did not introduce copies of the prior convictions into evidence during the trial or at the sentencing hearing. Wells further acknowledges that at the sentencing hearing he failed to object (on any grounds) to the trial court's consideration of the documents.

When the state seeks recidivist punishment based on guilty pleas, in a case not involving the death penalty, it bears the burden of proving (1) the existence of prior guilty pleas and (2) that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted.[1] If the state makes such a showing, "the presumption of regularity" attaches and "the burden shifts to the defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea."[2]

"No requirement exists under Georgia law which would limit the state to a single means of proving prior convictions of a criminal defendant in order to have the recidivism statute applied to the sentencing of the defendant."[3] Concerning the conduct of a pre-

---

[1] See *Freeman v. State*, 244 Ga. App. 393, 396 (2) (535 SE2d 349) (2000).

[2] Id.

[3] *State v. Cain*, 253 Ga. App. 100, 101 (558 SE2d 75) (2001) (citation and punctuation omitted) (recidivist treatment authorized where state served defendant with list of evidence in

sentence hearing in felony cases, OCGA § 17-10-2 (a) (1) pertinently provides that "the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and pleas of guilty or nolo contendere of the accused, or the absence of any prior conviction and pleas." We have held that when no objection to the form of the evidence of the prior conviction was made at the pre-sentence hearing, the issue was not preserved for review on appeal.[4]

Here, the record shows that the state served Wells with a list of evidence in aggravation of sentencing and specifically invoked the statutory recidivist sentencing provisions. That evidence included three certified copies of prior guilty plea convictions. The transcript shows that at the pre-sentence hearing[5] the judge had copies of the prior convictions and defense counsel never objected to the consideration of any of the listed offenses or argued that the state was required to introduce the prior convictions into evidence. Rather, after the judge reviewed on the record the copies of the prior convictions and asked whether there were "[a]ny comments on that," defense counsel merely responded that "We were properly served and notified, Your Honor." An examination of the prior convictions shows that the defendant was represented by counsel in connection with those guilty pleas. Wells failed to rebut the presumption of regularity and failed to object to the form of the evidence of the prior convictions and thus failed to preserve this issue for review on appeal.[6]

Wells recognizes that the current status of the law is against the position he now takes on appeal, and argues that we should "take a second look at the reasoning [of] the holdings in *Nash* and *Thompson* [and] overrule those cases and the line of cases with the same holdings regarding the sufficiency of proof in recidivist sentences. . . ." But the law is well established on this point. In *Nash v. State*,[7] the Supreme Court of Georgia revised the scheme regarding the allocation of burdens of proof as to the use of guilty pleas in

---

aggravation, even though copies of prior convictions were not introduced).

[4] Id.; *Walker v. State*, 204 Ga. App. 269 (419 SE2d 542) (1992) (defendant properly sentenced as a recidivist where at pre-sentence hearing the prosecution stated that the defendant had previously been convicted of burglary but did not tender a certified copy of the prior conviction, and defendant failed to object).

[5] Although Wells referenced a "sentencing hearing" and a volume of the trial transcript is labeled "Sentencing," the hearing which took place met the requirements of a pre-sentence hearing pursuant to OCGA § 17-10-2.

[6] See *Cain*, supra; *Adams v. State*, 142 Ga. App. 252, 255 (7) (235 SE2d 667) (1977) (where no objection to the form of the evidence of the prior conviction is made, subsequent review of that issue is eliminated); see generally *Strozier v. State*, 231 Ga. 140, 142 (2) (200 SE2d 762) (1973).

[7] 271 Ga. 281 (519 SE2d 893) (1999).

sentence enhancement in nondeath penalty cases.[8] We point out that "[t]he purpose of [OCGA] § 17-10-2 is to give [a] defendant a chance to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial."[9] Wells had that opportunity, but failed to show that the evidence was inadmissible. Accordingly, we find no grounds for reversal.[10]

2. Wells further contends that, in the event this court finds the evidence of prior convictions was sufficient, the trial court nonetheless erred by sentencing him as a recidivist because the state failed to show that the crime to which he pled guilty in Alabama would have been a felony in Georgia.[11] We need not address this issue because Wells failed to raise this argument at the sentencing hearing, and thus appellate review is precluded.[12]

Notwithstanding, the records of the Alabama conviction show that Wells pled guilty to the offense of burglary in the third degree and received a sentence of four years imprisonment. Under Georgia law, burglary is a felony[13] and

> [a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft

---

[8] Id. at 285 (the burden is on the state to prove both the existence of the prior guilty pleas and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted). This is presumably the *Nash* case to which Wells refers but provides no citation. See *Beck v. State*, 283 Ga. 352, 353 (2) (658 SE2d 577) (2008) (stating that the issue of whether prior guilty pleas could be used for recidivist sentencing purposes is "a matter of great significance to the bench and bar," such that the Court took the "opportunity to reiterate [its] holding in *Nash* and discuss again the shifting burdens involved in sentencing a defendant as a recidivist").

[9] *Armstrong v. State*, 264 Ga. 237, 238 (2) (442 SE2d 759) (1994) (citation and punctuation omitted).

[10] *Thompson v. State*, 266 Ga. App. 29, 33-34 (3) (596 SE2d 205) (2004) (defendant was properly sentenced under the recidivist statute, even though a certified copy of the prior conviction was not entered into evidence); compare *State v. Slaton*, 294 Ga. App. 507 (669 SE2d 481) (2008) (trial court's refusal to sentence defendant as a recidivist affirmed where the state claimed during the hearing that it had certified copies of prior convictions, but failed to tender them, and they were not contained in the appellate record).

[11] See OCGA § 17-10-7 (a) (pertinently providing for enhanced sentencing for "any person convicted of a felony offense in this state or having been convicted under the laws of any other state . . . of a crime which if committed within this state would be a felony").

[12] *Armstrong*, supra at 238-239 (2), (3); *Cain*, supra; *Adams*, supra; *Strozier*, supra.

[13] OCGA §§ 16-1-3 (5) ("Felony" means a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months); 16-7-1 (a) (A person convicted of the offense of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than twenty years); 16-7-1 (b) ("Upon a second conviction for a crime of burglary occurring after the first conviction, a person shall be punished by imprisonment for not less than two nor more than [twenty] years. Upon a third conviction . . . a person shall be punished by imprisonment for not less than five nor more than [twenty] years.").

therein, he enters or remains within the dwelling house of another or any building . . . or other such structure designed for use as the dwelling of another or enters or remains within any other building . . . or any room or any part thereof.[14]

The Alabama indictment charged that Wells "did knowingly enter or remain unlawfully in a building of [M. S.] with intent to commit a crime therein, to-wit: theft. . . ." The elements of the crime as charged in the Alabama indictment are similar to the elements required to commit the crime under the Georgia statute. Thus, Wells's argument presents no basis for reversal.

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JANUARY 12, 2012.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*David McDade, District Attorney, James A. Dooley, Rachel D. Ackley, Assistant District Attorneys*, for appellee.