**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0243. McCLARY v. THE STATE.

BARNES, Presiding Judge.

Corey M. McClary appeals from the trial court's denial of his motion for new trial, contending that the evidence was insufficient to support his convictions of felony obstruction of an officer, attempted removal of a firearm from an officer, and misdemeanor obstruction of an officer. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Brown v. State*, 318 Ga. App. 334, 334-335 (733 SE2d 863) (2012). See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 S.Ct. 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that McClary was walking along a street near Valdosta State University at approximately 4:00 a.m. Because there had been a string of car break-ins at a nearby campus parking lot, a uniformed state university police officer stopped his marked cruiser and approached McClary on foot to inquire as to what he was doing in that particular area by himself at that time of night. Based upon his conversation with McClary, the officer became concerned that McClary might have been involved in a domestic violence incident. The officer then radioed the police dispatcher and requested information as to whether there had been any recent domestic violence reports for the street where McClary lived.

As soon as the officer radioed the dispatcher, McClary fled into the woods. The officer gave chase. He repeatedly ordered McClary to stop, but McClary did not heed the orders. The officer eventually caught up with McClary and tackled him from behind. Both of them "went to the ground." At that point, McClary began struggling with the officer, grabbing and squeezing the officer in his private area with one hand and attempting to grab his handgun out of the holster with the other hand. During the

2

struggle, the officer struck McClary several times with his flashlight in an effort to get McClary to let go of him and the handgun. Back-up officers then arrived and were able to subdue McClary and handcuff him.

McClary was arrested and indicted on charges of felony obstruction of an officer, attempted removal of a firearm from an officer, and misdemeanor obstruction of an officer.[1] At the ensuing jury trial, the officer who had chased and struggled with McClary testified to the events as set out above. The State also introduced a video recording from the camera inside the officer's patrol car that recorded some of the encounter between McClary and the officer. Additionally, one of the back-up officers also testified that he saw McClary struggling with the other officer and trying to take the officer's handgun out of the holster before McClary was subdued and handcuffed.

McClary also chose to testify at trial. He admitted fleeing from the officer but contended that he never grabbed the officer in his private area and never tried to get the officer's handgun. According to McClary, the officer tackled him in the woods and began beating him with the flashlight without any provocation on his part.

---

[1] After the trial court denied McClary's motion to suppress, we granted his application for interlocutory appeal from that order. In *McClary v. State*, 292 Ga. App. 184 (663 SE2d 809) (2008), we affirmed the trial court's denial of the motion to suppress.

After hearing the conflicting testimony, the jury found McClary guilty of the charged offenses. McClary filed a motion for new trial, which the trial court denied, resulting in this appeal.

We conclude that the evidence presented at trial was sufficient for a rational jury to find McClary guilty beyond a reasonable doubt of the offenses for which he was convicted. See *Jackson*, 443 U. S. at 319 (III) (B). The testimony of the officers, standing alone, was sufficient to sustain the convictions. See *Sutton v. State*, 261 Ga. App. 860, 862 (1) (583 SE2d 897) (2003). While McClary challenges the credibility of the officers, "the credibility of the witnesses and the weight to be given the evidence are the sole province of the jury, and it is not for appellant or this Court to decree which witness is credible and whose testimony is consistent, self-serving or less weighty." (Citation, punctuation, and footnote omitted.) Id. We therefore affirm McClary's convictions and the trial court's denial of his motion for new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*