**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 18, 2014**

# In the Court of Appeals of Georgia

A13A2298. McMULLEN v. THE STATE.                    DO-085

DOYLE, Presiding Judge.

A Clayton County jury found Sandra Lee McMullen guilty of felony obstruction of a law enforcement officer[1] (Count 1) and simple battery on a law enforcement officer[2] (Count 2). The trial court merged Count 2 into Count 1 and sentenced her to three years. McMullen appeals the trial court's subsequent denial of her motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred by failing to sentence her on the misdemeanor offense (Count 2) instead of the felony offense (Count 1) based on the rule of lenity. We affirm for the reasons that follow.

---

[1] OCGA § 16-10-24 (b).

[2] OCGA § 16-5-23 (e).

Viewed in favor of the verdict,[3] the evidence shows that on December 24, 2011, McMullen called 911 when her son, Dexter Slaton, began exhibiting what she believed to be signs of a nervous breakdown.[4] Officer Dennard arrived approximately ten minutes after the initial officer on the scene, Officer Caloma, arrived. Slaton, who was seated at the table, stated, "oh, there goes a black officer. I don't even know why you brought him." Slaton was agitated and belligerent, and he was yelling at Officer Caloma. Officer Caloma asked Slaton for his name, and Slaton responded, "Aubrey." McMullen corrected him, and she and Slaton began to argue. Officer Dennard then instructed Slaton to let McMullen speak, and Slaton pointed his right hand at the officer, balling up his left hand and stating, "I'm a grown ass man, you can't say s–t to me. . . . If [you touch me, my] mom [is] going to f–k [you] up." Officer Dennard approached Slaton, who stood up, cocked his left fist, and began rolling his shoulders back. In an effort to avoid being hit, Officer Dennard grabbed Slaton, used a "straight-arm bar[ hold,] and took him to the ground." Slaton attempted to spit on Officer Dennard, who then placed his hand on the back of Slaton's neck. At this

---

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] According to McMullen, Slaton "was so irate [she] couldn't calm him," and he made statements indicating that he was "the man that God brought here to train Jesus to fight the devil."

2

point, McMullen jumped on the officer's back, put her hands around his neck, and began choking him. Officer Dennard released Slaton, and as he secured McMullen, she struck him twice in the face and once in the neck, knocking off his radio. Officer Dennard then struck McMullen and secured her hands.

McMullen was arrested and charged with obstruction of a law enforcement officer and simple battery on a law enforcement officer. At trial, the State introduced a video of the incident, which was recorded by the homeowner with her phone. At the conclusion of the trial, the jury found McMullen guilty on both counts. The trial court merged the simple battery count into the felony obstruction of a law enforcement officer count and sentenced McMullen to three years, to be served in fifteen consecutive weekends in the county jail and the remainder on probation. McMullen subsequently filed a motion for new trial, which the trial court denied following a hearing.[5] This appeal followed.

1. McMullen argues that the evidence was insufficient to support her conviction for felony obstruction of a law enforcement officer.

---

[5] McMullen's amended motion for new trial included an allegation of ineffective assistance of counsel. After McMullen failed to appear for the hearing on her motion, however, post-trial counsel withdrew her ineffective assistance of counsel claim, and it is not at issue on appeal.

3

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6]

"We conclude that the evidence presented at trial was sufficient for a rational jury to find Mc[Mullen] guilty beyond a reasonable doubt of [felony obstruction of a law enforcement officer]. [Although t]he testimony of [Officer Dennard], standing alone, was sufficient to sustain the conviction[]," the jury also viewed the recording of the incident.[7]

2. McMullen also contends that the trial court erred by denying her motion for new trial because the rule of lenity required her to be sentenced on the misdemeanor

---

[6] (Citations and punctuation omitted.) *Brown v. State*, 318 Ga. App. 334, 334-335 (733 SE2d 863) (2012), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[7] (Citation omitted.) *McClary v. State*, 322 Ga. App. 35, 36 (743 SE2d 624) (2013). See also OCGA § 16-10-24 (b); *Williams v. State*, 301 Ga. App. 731, 733 (1) (688 SE2d 650) (2009).

offense of simple battery on a law enforcement officer instead of on felony obstruction. We disagree.

The Supreme Court of the United States has referred to the rule of lenity "as a sort of 'junior version of the vagueness doctrine,' which requires fair warning as to what conduct is proscribed. The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous.[8]

Here, there is no ambiguity in the two code sections at issue. OCGA § 16-10-24 (b) provides in relevant part: "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony. . . ." OCGA § 16-5-23 (e) provides that "[a]ny person who commits the offense of simple battery against a police officer . . . engaged in carrying out official duties shall, upon conviction thereof, be punished for a misdemeanor of a high and

---

[8] (Citation omitted.) *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007), quoting *United States v. Lanier*, 520 U. S. 259, 266 (117 SCt 1219, 137 LE2d 432) (1997).

aggravated nature."[9] "The two statutes do not define the same offense."[10] To prove misdemeanor battery on a law enforcement officer, OCGA § 16-5-23 (e) requires a showing that the defendant either made physical contact of an insulting or provoking manner or intentionally caused physical harm to an officer while the officer was engaged in carrying out official duties; it does not require proof that the defendant's actions obstructed the officer in the discharge of his official duties. Conversely, OCGA § 16-10-24 (b) does not require proof of physical contact or harm, but does require evidence of a threat to do physical violence to the officer with "the specific intent to hinder law enforcement."[11]

> Thus, the two defined crimes do not address the same criminal conduct, there is no ambiguity created by different punishments being set forth for the same crime, and the rule of lenity does not apply. Further, that a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity. . . . In such a circumstance, a defendant may be prosecuted for more than one crime. However, the

---

[9] See also OCGA § 16-5-23 (a) ("A person commits the offense of simple battery when he or she either: (1) [i]ntentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) [i]ntentionally causes physical harm to another.").

[10] *Banta*, 281 Ga. at 618 (2).

[11] See, e.g., *Pearson v. State*, 224 Ga. App. 467, 468 (1) (480 SE2d 911) (1997) (explaining distinction between felony obstruction and simple battery).

6

injustice that must be avoided is *sentencing* the defendant for more than one crime following [her] conviction of multiple crimes based upon the same act. When a defendant is so prosecuted, the principle of factual merger operates to avoid the injustice.[12]

Here, although McMullen was convicted of both charged crimes, the trial court properly merged the misdemeanor battery conviction into the felony obstruction conviction. Therefore, she was "sentenced for only one crime, and the injustice of double sentencing [was] avoided."[13]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[12] (Citations and punctuation omitted; emphasis in original.) *Banta*, 281 Ga. at 618 (2).

[13] Id.